Roy TRUJILLO, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00124–CR.

Court of Appeals of Texas, San Antonio.

April 24, 1991.

Steven Harkiewicz, San Antonio, for appellant.

Fred G. Rodriguez, Barbara Hervey, Asst. Crim. Dist. Attys., San Antonio, for appellee.

Before REEVES, C.J., and PEEPLES and GARCIA,[1] JJ.

## OPINION

GARCIA, Justice.

Appellant, Roy Trujillo, was found guilty of assaulting a school teacher by fondling her. Provisions of the Texas Penal Code elevate assault from a Class C misdemeanor to a Class B misdemeanor where the victim is a teacher on duty at a school accredited by the Texas Education Agency. TEX.PENAL CODE ANN. §§ 22.01(a)(3) and (d)(1) (Vernon 1989). After a trial without a jury, the court found appellant guilty, assessed him a probated sentence of confinement for three months, and fined him $100. Appellant alleges five points of error. We affirm the judgment of the trial court.

In his first point of error, appellant complains that the court erred in refusing to quash the information on the trial date. Specifically, he alleges that the information was fatally and fundamentally defective because it did not contain necessary elements of the offense. He alleges that the information failed to indicate whether the complainant was a classroom teacher and an employee of a primary or secondary

---

**1.** Justice Garcia replaced original panel member Chief Justice Cadena in January, 1991.

school. Further, he asserts that the information failed to state whether the school where the teacher worked was accredited and whether the teacher was engaged in performing educational duties at the time of the alleged offense. Appellant contends that all these elements are necessary for a valid information required under § 22.01(d)(1) of the Penal Code. The trial court denied the motion to quash the information.

We are unable to review appellant's first point of error because the Code of Criminal Procedure prohibits us from considering on appeal defects of form or substance in an information where no objection was made before the trial date. TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp. 1991); *see also Ex Parte Gibson*, 800 S.W.2d 548, 550–51 (Tex.Crim.App.1990); *Rodriguez v. State*, 799 S.W.2d 301, 302–03 (Tex.Crim.App.1990). Thus, appellant's first point of error is waived and we overrule it.

■ In his second point of error, appellant contends that the trial court erred in allowing the State to amend the information notwithstanding appellant's objection. On the trial date, the State sought to amend the information to correctly reflect the teacher's name by including the last letter of her first name. Her name appeared twice on the information. The first time her name appeared in the information the last letter in her first name was omitted. Appellant objected to the court's trial amendment as contrary to the provisions of Article 28.10 of the Code of Criminal Procedure, which provides that the trial court may not amend a matter of form or substance in an indictment or information once the trial on the merits commences. TEX. CODE CRIM.PROC.ANN. art. 28.10 (Vernon Supp.1991). The trial court permitted the amendment on the trial date. Once amended, appellant did not seek his ten days to respond to the amended information. In fact, he voluntarily waived the ten-day response period. Assuming this was trial error, appellant was not prejudiced. He was not misled by the discrepancy in the spelling nor did he allege or show

injury that was caused to him by the amended information, and he waived his ten-day response time in the matter. *See Houston v. State*, 486 S.W.2d 363 (Tex. Crim.App.1972). Appellant's second point of error is overruled.

■ In his third point of error, appellant alleges that the trial court erred in allowing the school teacher to testify that her school district was accredited by the Texas Education Agency, a necessary element of the Class B offense. The complainant testified that she was a school teacher at Edgewood High School, described the nature of her duties, described the incident and events leading to the complaint and information against the appellant, and, further, testified that Edgewood High School was accredited by the state education agency. Appellant objected to the admission of the victim's testimony of the accreditation of Edgewood High School by the appropriate agency.

Rule 201 of the Texas Rules of Criminal Evidence provides that at any stage of a proceeding a court may take judicial notice of a fact not subject to reasonable dispute in that it is either generally known within the jurisdiction of the court *or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.* TEX.R.CRIM. EVID. 201(b), (f). Further, the rule provides that judicial notice may be taken whether or not requested by a party. In this matter, the court could have easily rejected any inadmissible testimony by the school teacher and taken judicial notice that Edgewood High School is an accredited school by the state education agency because this fact is easily capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. In *Gonzales v. State*, the Texas Court of Criminal Appeals stated that " 'the theory of [judicial notice] is that, where a fact is well known by all reasonably intelligent people in the community or *its existence is so easily determinable with certainty from sources considered reliable*, it would not be good sense to require formal proof.' " 723 S.W.2d 746,

751 (Tex.Crim.App.1987) (en banc) (quoting 1 R. RAY, TEXAS LAW OF CIVIL AND CRIMINAL EVIDENCE § 151, at 103 (Texas Practice 3d ed. 1980)). There the court had to decide whether it could take judicial notice that the City of San Antonio was an incorporated city for the purposes of an indictment alleging arson, which required, as a necessary element, that the offense be committed within an incorporated city. Article 21.18 of the Texas Code of Criminal Procedure permits matters of judicial notice regarding elements stated in the indictment. The court held that the provisions of Article 21.18 applied and that the indictment did not have to allege that the City of San Antonio was an incorporated city. Likewise, the trial court or the appellate court could take judicial notice that the Edgewood High School is an accredited school under the State of Texas because the existence or non-existence of its status is easily ascertainable from sources considered reliable. An inquiry to the Texas Education Agency yields the answer.

We must therefore assume the trial court made all the necessary findings and conclusions, including the taking of judicial notice of accreditation, to sustain the judgment. If the court may take judicial notice of a city's incorporation and not find that the absence of such an allegation in the indictment fatal, then the court is able to take judicial notice of a school's accreditation in this matter, when the fact of accreditation is equally easy to ascertain from a state agency. Appellant's third point of error is overruled.

In his fourth point of error, appellant contends that the evidence is insufficient to prove the elements of the offense. Appellant was charged with and convicted of assault by contact pursuant to Section 22.-01 of the Texas Penal Code. That section provides in part:

(a) a person commits an offense if the person:

(3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX.PENAL CODE ANN. § 22.01(a)(3) (Vernon Supp.1989).

The standard for review of the sufficiency of the evidence is whether after reviewing the evidence in the light most favorable to the verdict any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Chambers v. State,* 711 S.W.2d 240 (Tex. Crim.App.1986). An offense in this case is a Class B misdemeanor if the State can further show that the complainant is a teacher, in an accredited primary or secondary school, engaged in performing educational duties. Thus, these additional elements must be shown to sustain the conviction. In this case, the complainant testified that she was a school teacher on the date of the offense, that she was fondled by appellant while she was taking a walk on campus during the school day, that she considered the contact offensive, and that she worked at Edgewood High School. For reasons previously reviewed, we take judicial notice that Edgewood High School is a primary or secondary school and that it is properly accredited. Appellant contends that the teacher was not performing an educational duty and thus the State had not met its burden to establish a Class B misdemeanor. While the legislature has not defined precisely the term "in the performance of educational duty," we think that a teacher's presence on campus, or on a school-related function away from campus, receives the full protection of the law. It would be illogical to assume that a teacher sponsoring a club, or attending a school dance or basketball game, would have no protection of the law. The law protects classroom teachers, among other school-related personnel, at school functions, not only classroom teachers performing duties in their classrooms. Appellant's fourth point of error is overruled.

Finally, appellant contends as his fifth and final point of error that the trial court erred in denying his motion for new trial and arrest of judgment. Appellant fails to present additional points of error or argu-

ment and presents nothing new for review. He refers to the previous points of errors. Thus, nothing is preserved for review. Pursuant to Rule 74 of the Texas Rules of Appellate Procedure, we overrule appellant's fifth and final point of error.

We affirm the judgment of the trial court.