**BUTTS RETAIL, INC., Appellant,**

v.

**DIVERSIFOODS, INC. d/b/a Tropik Sun Fruit & Nut, Appellee.**

**No. 09–91–255 CV.**

Court of Appeals of Texas, Beaumont.

Oct. 29, 1992.

George Sladczyk, Moore, Landrey, Garth & Jones, Beaumont, for appellant.

Constance Decker, Lipstet, Singer & Hirsch, Houston, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

WALKER, Chief Justice.

On September 11, 1980, Appellant, Butts Retail, Inc., (Franchisee) and Appellee, the assignor of Diversifoods, Inc. d/b/a Tropik Sun Fruit & Nut, (Franchisor) entered into a franchise agreement for a five year peri-

od ending September 30, 1985. Appellant was to operate a retail fruit and nut store known as Tropik Sun Fruit & Nut at Parkdale Mall in Beaumont, Texas, pursuant to the franchise agreement. Sometime after September 11, 1980, Appellant and Appellee entered into a sub-lease agreement of a space at Parkdale Mall, which sub-lease agreement did not terminate until January 30, 1986. The franchise agreement contained, among other things, two restrictive covenants: (1) that if prior to the expiration of the franchise agreement, Appellee terminated the franchise agreement, Appellant was prohibited from operating a business selling fruit and nuts in Parkdale Mall for a period of two years from the date which Appellant ceased to conduct business pursuant to this agreement, and (2) that during the five year term of the franchise agreement, Appellant would not operate another business selling fruit and nuts within the metropolitan area of the Parkdale Mall store in Beaumont, Texas.

Appellant opened a fruit and nut store called Mr. Munch in Central Mall in Port Arthur, Jefferson County, Texas, in August, 1982.

On October 20, 1983, Appellee's attorneys sent a letter to Appellant regarding the store at Parkdale Mall terminating the franchise agreement, however Appellant ignored the letter and continued to make royalty payments and operate as a Tropik Sun Fruit & Nut franchise. Appellee contacted Appellant in July of 1985, in writing again regarding termination. On September 23, 1985, six days prior to the end of the franchise agreement, a third letter was written to Appellant demanding that Appellant vacate the sub-leased space at Parkdale Mall immediately. Appellant continued to operate the Parkdale Mall store until January 5, 1986. Appellee has no other stores selling fruit and nuts in Jefferson County, Texas. No evidence was presented at time of trial that Appellee ever attempted to open a fruit and nut store in Jefferson County, Texas, other than the Parkdale Mall outlet operated at all times by Appellant. Appellee made no effort to continue the Parkdale Mall operation under Tropik Sun Fruit & Nut after final termination of the franchise.

Appellee filed suit for breach of the franchise agreement, breach of the sub-lease, breach of the non-competition clauses of the franchise and for misappropriation of trademarks and trade secrets.

Judgment was rendered in favor of Appellee, based on jury findings that Appellant breached the franchise agreement in Beaumont at Parkdale Mall and at Central Mall in South Jefferson County, Texas. Damages were awarded to Appellee for lost profits in each location, Parkdale Mall being $7,356.89 and Central Mall $41,-689.01. The jury awarded Appellee attorney fees of $45,673.50 in response to a broad-form submission.

The jury failed to award damages for breach of the sub-lease or for use and misappropriation of trademarks, trade names and trade secrets although it found the same were misappropriated intentionally and with conscious indifference to the rights of Appellee.

■ Points of error one and five will be discussed together as they apply to both covenants above. In discussing the first covenant set out above, Appellee urges this Court to apply and decide this case upon the standards set forth in TEX.BUS. & COM. CODE ANN. §§ 15.50, 15.51 (Vernon Supp. 1992). This statute became effective August 28, 1989, and applies to a covenant entered into before, on, or after the effective date. The statute makes a covenant not to compete enforceable to the extent that it: (1) is ancillary to an otherwise enforceable agreement, and (2) contains reasonable limitations as to time, area and scope of activity. We note that all relevant dates of inception of the contract in question and alleged breach thereof giving rise to any cause of action occurred prior to the effective date of the statute in question. Appellee says section 15.50 is to be applied retroactively and cites *Recon Exploration, Inc. v. Hodges,* 798 S.W.2d 848 (Tex.App.—Dallas 1990, no writ). Appellant says section 15.50 should not be applied retroactively, citing *Webb v. Hartman Newspapers, Inc.,* 793 S.W.2d 302 (Tex.App.—Houston

[14th Dist.] 1990, no writ). We do not think that *Recon* and *Webb* apply because the date of breach in each case occurred subsequent to the effective date of the statute.

In *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 685 (Tex.1990), our Supreme Court declined to discuss the issue of applying the statute in question retroactively. We are now compelled to give effect to the language of the legislature and we apply the statutory standards to the facts at hand. In the case before us, the statutory language of TEX.BUS. & COM.CODE ANN. § 15.51(b) directly applies. "If the agreement has a different primary purpose [other than to render personal services] the promisor [Appellant, Butts Retail] has the burden of establishing that the covenant does not meet those criteria [in subdivision (2) of section 15.50]." Subdivision 2 of section 15.50 states that a covenant not to compete is enforceable if it contains reasonable limitations and the scope of activity to be restrained does not impose a greater restraint than is necessary to protect the goodwill or other business interest of the promisee. The Appellant has not met his burden of proof in showing that the covenant not to compete in Parkdale Mall was unenforceable.

It is basic that an agreement not to compete is in restraint of trade and therefore unenforceable on grounds of public policy unless it is reasonable. *Id.* at 681; *Frankiewicz v. National Comp Associates*, 633 S.W.2d 505, 507 (Tex.1982); *Weatherford Oil Tool Co. v. Campbell*, 161 Tex. 310, 340 S.W.2d 950, 951 (1960). Whether an agreement not to compete is a reasonable restraint of trade is a question of law for the court. *Henshaw v. Kroenecke*, 656 S.W.2d 416, 418 (Tex.1983). We are obligated to first determine if the agreement before us is reasonable under the following enumerated guidelines: (1) it must be ancillary to a valid transaction or relationship; (2) the restraint created by the agreement not to compete must not be greater than necessary to protect the promisee's legitimate interest; and (3) the promisee's need for the protection afforded by the agreement not to compete must not be outweighed by either the hardship to the promisor or any probable injury to the public. *DeSantis*, 793 S.W.2d at 681–682, *but compare* section 15.50. The promisee's legitimate interest includes business goodwill, trade secrets, or other confidential or proprietary information. *Peat Marwick Main & Co. v. Haass*, 818 S.W.2d 381, 386 (Tex.1991). Additional factors as part of the promisee's interest could include a confidential list of customers, their special needs and requirements, pricing policies, cost factors and bidding strategies. *DeSantis*, 793 S.W.2d at 684.

We have been instructed by our Supreme Court in adjudicating the reasonableness of a non-competition agreement to "focus on the need to protect a legitimate interest of the promisee and the hardship of such protection on the promisor and the public." *Id.* at 683. The doctrine of "common calling" as stated in *Hill v. Mobile Auto Trim, Inc.*, 725 S.W.2d 168 (Tex.1987); *Bergman v. Norris of Houston*, 734 S.W.2d 673 (Tex. 1987) has been discarded by the Supreme Court, *see DeSantis*, 793 S.W.2d at 682–683, and has been rejected as a test for reasonableness by statute. *See* TEX.BUS. & COM.CODE ANN. §§ 15.50–15.51 (Vernon Supp.1992).

We are of the opinion and so hold that the covenant not to compete regarding Parkdale Mall was reasonable as a matter of law. In this regard, we note that testimony in the trial court based on Appellant's financial records, was admitted to prove that Appellee suffered monetary losses in the amount of $48,043.41 based upon the breach of the covenant not to compete by Appellant at Parkdale Mall. The jury awarded the Appellee $7,356.89 as damages. This figure corresponds to testimony representing losses for October and November of 1985 being the first two months of the twenty-four month covenant not to compete at Parkdale Mall. In view of the fact that the jury found a breach of the franchise agreement, particularly the covenant not to compete contained in said franchise agreement, but only awarded partial damages for breach thereof, the

jury's answer of $7,356.89 does not address all the evidence in this regard. We are not presented with any issues on cross appeal by the Appellee, therefore, we do not address this problem. We affirm that portion of the judgment which awarded Appellee $7,356.89 as damages.

■ The second covenant mentioned above provided that Appellant would not operate another business selling fruit and nuts within the "metropolitan area" of the Parkdale Mall store in Beaumont, Texas. We must determine whether the term "metropolitan area" is sufficiently precise to describe the geographical area in which the Appellant could or could not operate and if Central Mall in Port Arthur, Texas, is within that area. The extent of the covenant must be limited appropriately as to the territory and geography covered. *DeSantis*, 793 S.W.2d at 682; *Peat Marwick Main & Co.*, 818 S.W.2d at 387.

This Court must apply the term "metropolitan area" to the case at hand. We are unable to locate a legal definition of that term and it was not defined in the contract between the parties. The general use of the term in case law either describes a populated area in and around a particular city, or it is used to compare rural areas of the State with urban areas.

■ Appellee urges this Court to take judicial notice that the cities of Beaumont, Port Arthur, and Orange, Texas, are in the same metropolitan area. TEX.R.CIV.EVID. 201. We decline to do so because a judicially noticed fact must be one not subject to reasonable dispute and is either generally known within the jurisdiction of the court or is capable of accurate determination in utilizing sources which accuracy cannot reasonably be questioned. *See* TEX.R.CIV. EVID. 201(b). The Texas Almanac information prepared by Steve Murdock, professor at Texas A & M University system and Chief Demographer of the Texas State Data Center (located in the Texas Department of Commerce) may be reliable information for accountants to determine economic declines or population influx, which was the original intent of the use of the Almanac data in the trial court, however

we cannot say that this information can be readily applied to the facts before us. To trace population movements and make economic predictions is far removed from proscribing legal rights for parties to contract selling fruits and nuts. We disagree with Appellee that "[w]hether the Port Arthur store was in the same Metropolitan area as Beaumont was a matter of evidence...."

■ Taking judicial knowledge of any fact is subject to the test of "verifiable certainty." *Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503 (Tex.1981). The Court may take judicial notice of the location of cities, counties, boundaries, dimensions, and distances because geographical facts such as these are easily ascertainable and capable of verifiable certainty. *Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154 (Tex.1967). If Central Mall is to be included within a metropolitan area, it would have to be that of Port Arthur rather than Beaumont in view of its closer proximity to that city. We hold that the covenant preventing any other business within the metropolitan area of Parkdale Mall is unreasonable and unenforceable as it was applied to Central Mall by the trial court.

■ The trial court awarded $45,673.50 to Appellee, Diversifoods, Inc. as attorney's fees in this cause. A significant portion of the testimony and evidence presented by Appellees was directed toward proving their cause of action for the alleged breach of contract in opening a store in Central Mall in Port Arthur, Texas. We cannot determine from the trial court judgment what portion of attorney's time and expense was allotted to proving damages for the breach of the covenant at Parkdale Mall and what portion of attorney's time and expense was attributable to the void and unenforceable covenant at Central Mall. We must therefore remand this cause of action to determine what portion of the attorney's fees is attributable to the covenant not to compete at Parkdale Mall in Beaumont, Texas. *Harmes v. Arklatex Corp.*, 615 S.W.2d 177, 180 (Tex.1981); *Canales v. Zapatero*, 773 S.W.2d 659 (Tex. App.—San Antonio 1989, writ denied). A

claim for attorney's fees is a severable claim, we therefore order a partial remand for determination of attorney's fees only. *Woods Exploration and Producing Co. v. Arkla Equipment Co.*, 528 S.W.2d 568, 571 (Tex.1975); *Pelto Oil Company v. CSX Oil & Gas Corp.*, 804 S.W.2d 583 (Tex.App.—Houston [1st Dist.] 1991, writ denied); *Industrial Disposal Supply Co., Inc. v. Perryman Bros. Trash Service, Inc.*, 664 S.W.2d 756, 761 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.).

We reverse the trial court in awarding $41,689.01 for lost profits from the alleged breach of the noncompetition agreement regarding Central Mall in Port Arthur, Texas, and render that Appellee take nothing for this cause of action. We affirm the trial court in awarding $7,356.89 for lost profits from breach of the noncompetition agreement regarding Parkdale Mall at Beaumont, Texas. We sever that portion of the judgment awarding attorney's fees and remand the case to the trial court for determination of attorney's fees which may be attributed to the recovery for breach of the contract regarding Parkdale Mall.

Appellant's point of error two alleging no evidence in the record to support a finding of damages sustained by appellee is overruled. The testimony elicited from Mr. Lawrence Stefaniak support the jury findings of damages for breach of the contract as applied to the Parkdale Mall store in Beaumont, Texas. *See Chandler v. Mastercraft Dental Corp.*, 739 S.W.2d 460, 466 (Tex.App.—Fort Worth 1987, writ denied).

Point of error three alleges error because the trial court refused to submit a special issue regarding a certain date on which business could have ceased. This issue is evidentiary in nature and the evidence is uncontradicted that Appellant continued business operations at all times material to the suit. This was adequately covered by submission of other issues. *Id.* at 467.

Point of error four alleges error in failing to submit a special issue finding a termination date of the contract regarding the Central Mall store in Port Arthur, Texas. This point is moot because we hold the covenant to be invalid as applied to that store.

 Point of error six complains of special issue one being global in nature in asking only about "the breach of the contract" since Appellee alleged several breaches. This point is overruled because the trial court is required to submit broad-form questions as opposed to a separate question with respect to each element of the case. Tex.R.Civ.P. 277. *See generally Island Rec. Dev. v. Republic of Texas Sav.*, 710 S.W.2d 551, 554 (Tex.1986).

AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND REMANDED IN PART.