Jarvis Duran LOVELADY, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–01–144 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Oct. 18, 2001.

Decided Jan. 16, 2002.

Clinard J. Hanby, Woodlands, for appellant.

Michael A. McDougal, Dist. Atty., Mike Sieler, Dan P. Bradley, Asst. Dist. Attys., Conroe, for state.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

Jarvis Duran Lovelady pleaded guilty without a plea bargain to possession of a controlled substance. The trial court assessed punishment and sentenced Lovelady to five years' confinement in the Texas Department of Criminal Justice, Institutional Division. Lovelady appeals claiming the trial court erred in assessing punishment because the indictment and the evidence support only a state jail felony.

The indictment charged Lovelady with possession of cocaine in an amount less than one gram under section 481.115(b) of the Texas Health & Safety Code.[1] Paragraph B of the indictment further alleged that Lovelady "committed the above offense in a place that [he] knew was within 300 feet of the premises of a school, to wit: Willis High School...." Lovelady stated he committed each and every element alleged in the indictment. Lovelady stipulated he knowingly possessed a controlled

---

1. Section 481.115(b) provides:

(b) An offense under Subsection (a) is a state jail felony if the amount of the controlled substance possessed is, by aggregate weight, including adulterants or dilutants, less than one gram. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (Vernon Supp.2001).

substance in an amount less than one gram and further, that he "committed the above offense in a place that [he] knew was within 300 feet of the premises of a school, to wit: Willis High School. . . ."

In reviewing the legal sufficiency of stipulated evidence to support a trial court's finding of guilt, we view the stipulated evidence as if it was testimony from an individual witness or witnesses. *See Robinson v. State,* 739 S.W.2d 795, 799 n. 5 (Tex.Crim.App.1987) (quoting *Stell v. State,* 496 S.W.2d 623, 626 (Tex.Crim.App. 1973)). The relevant inquiry is whether, after viewing the evidence in the light most favorable to the verdict, the trial court, as the rational trier of fact, could have found all of the essential elements to have been proven beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As for stipulations specifically, it has been observed that they are to be reasonably and liberally construed with a view of effectuating the parties' intentions. *See O'Conner v. State,* 401 S.W.2d 237, 238 (Tex.Crim.App.1966). When construing a stipulation of evidence, it is inconceivable that a trier of fact may not make inferences from stipulated facts. *See Ledesma v. State,* 677 S.W.2d 529, 531 (Tex.Crim. App.1984). Finally, we note that a reviewing court measures legal sufficiency of the evidence against a hypothetically correct jury charge, regardless of whether the trial is to the bench or to a jury. *Malik v. State,* 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).

Possession under section 481.115(b) is punishable as a state jail felony. If the possession occurs in one of the drug-free zones set forth in section 481.134, it is punishable as a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.134 (Vernon Supp.2001). The only "drug-free zone" provision applicable to appellant's possession of less than one gram of cocaine is section 481.134(d). It provides:

(d) An offense otherwise punishable under Section 481.112(b), 481.113(b), 481.114(b), 481.115(b), 481.116(b), 481.120(b)(3), or 481.121(b)(3) is a felony of the third degree if it is shown on the trial of the offense that the offense was committed:

(1) in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board; or

(2) on a school bus.

TEX. HEALTH & SAFETY CODE ANN. § 481.134(d)(1) & (2) (Vernon Supp.2001).

Taken in the light most favorable to the verdict, the stipulation provides proof that Lovelady knowingly possessed the cocaine in question "within 300 feet," which is well within the statutory "1,000 feet," of Willis High School. Indeed, the Pre-Sentence Investigation Report (PSI) which was admitted into evidence without objection by Lovelady indicates that appellant was arrested on the Willis High School campus and when searched on school premises, was found to be in possession of the cocaine. Therefore, the only question with regard to the legal insufficiency issue is whether any rational trier of fact could have found proof that the property upon which Lovelady possessed the cocaine was "owned, rented, or leased [by or] to a school or school board."

The rules of evidence allow a trial court to take judicial notice of a fact generally known within the territorial jurisdiction of the trial court or of a fact capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. TEX. R. EVID. 201(b). Indeed, the trial court may take judicial notice of an adjudicative fact whether or not requested to do so, and also may take judicial notice at any stage

of the proceeding. Tex. R. Evid. 201(c) & (f). In *1.70 Acres, .20 Acres, and .28 Acres of Real Property and Structures Thereon (Mizell) v. State*, 935 S.W.2d 480, 489 (Tex. App.-Beaumont 1996, no pet.), we stated the following:

> It has been said that judicial notice is one of the oldest doctrines of common law; however, it is not without safeguards and limitations. Taking judicial knowledge of any fact is subject to the test of "verifiable certainty." *See, Eagle Trucking Co. v. Texas Bitulithic Co.*, 612 S.W.2d 503, 506 (Tex.1981). The Court may take judicial notice of the location of cities, counties, boundaries, dimensions, and distances, because geographical facts such as these are easily ascertainable and capable of verifiable certainty. *Butts Retail, Inc. v. Diversifoods, Inc.*, 840 S.W.2d 770, 774 (Tex. App.-Beaumont 1992, writ denied). Well-known and easily ascertainable facts may be judicially noticed. *Eagle Trucking*, 612 S.W.2d at 506.

The question before us is analogous to one considered by the San Antonio Court of Appeals in *Trujillo v. State*, 809 S.W.2d 593 (Tex.App.-San Antonio 1991, no pet.). In *Trujillo*, the defendant was charged with assaulting a school teacher. *Id.* at 594. Trujillo's punishment exposure was elevated to a Class B misdemeanor if the State proved that the victim was a teacher on duty at "a school accredited by the Texas Education Agency." *Id.* On appeal, Trujillo contended the trial court erred in permitting the victim, over Trujillo's timely objection, to testify that the school at which she worked was accredited by the Texas Education Agency. *Id.* at 595.

After setting out the provisions of Tex. R. Evid. 201, the San Antonio Court, analyzed the issue as follows:

> In [the instant case], the court could have easily rejected any inadmissible testimony by the school teacher and taken judicial notice that Edgewood High School is an accredited school by the state education agency because this fact is easily capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. In *Gonzales v. State*, the Texas Court of Criminal Appeals stated that "'the theory of [judicial notice] is that, where a fact is well known by all reasonably intelligent people in the community or *its existence is so easily determinable with certainty from sources considered reliable*, it would not be good sense to require formal proof.'" 723 S.W.2d 746, 751 (Tex.Crim.App.1987) (en banc) (quoting 1 R. Ray, Texas Law of Civil and Criminal Evidence § 151, at 103 (Texas Practice 3d ed.1980)).

*Trujillo*, 809 S.W.2d at 595–96. (emphasis in original)

In the instant case, the fact that Willis High School, located in Willis, Texas, is "real property" and that it is "owned, rented, or leased" by or to Willis High School, or to the school board of the Willis school district are facts that are either generally known within the territorial jurisdiction of the trial court, or are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.[2] We conclude that the

---

2. Indeed, as an appendix to its brief, the State attached what appears to be a print-out from the Montgomery County Appraisal District that indicates that "Willis High School Campus," located on "Northwood Heights, Block 6, Lot 1–8," is owned by "Willis ISD" in "Willis, TX." While we cannot consider as evidence any attachments to briefs, said printout seems to indicate the relative ease of ascertaining with certainty from a reliable source the adjudicative fact of ownership of the "real property" upon which Lovelady possessed the cocaine in question.

trial court could have found all of the essential elements of the offense charged to have been proven beyond a reasonable doubt, based upon the record before us. Lovelady's lone appellate issue is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The issue in this case is whether the evidence showed Lovelady was "in, on, or within 1,000 feet of any real property that is owned, rented, or leased to a school or school board." Tex. Health & Safety Code Ann. § 481.134(d)(1) (Vernon Supp.2002). Neither the indictment nor the stipulation provides that element of the offense. The majority, without citation, holds a court can take judicial notice of the status of real property.[3]

The indictment stated, in pertinent part: "... committed the above offense in a place that [he] knew was within 300 feet of the premises of a school, to wit: Willis High School...." This is basically the language of Tex. Health & Safety Code Ann. § 481.134(b)(2) (Vernon Supp. 2002). However, section 481.134(c) does not apply to the offense committed by Lovelady: a violation of section 481.115(b). Section 481.134(d) enhances an offense under section 481.115(b) and section 481.134(d)(1) requires the offense to be committed "in, on, or within 1000 feet of any real property that is owned, rented or leased to a school or school board."

Clearly the legislature intended to expand the physical location beyond "the premises of a school", section 481.134(c)(1), to "any real property that is owned, rented or leased to a school or school board." But, in doing so, they require the state to show more than simply situs, i.e. "premises"; they require the state to show the legal relationship of the property, i.e. owned, rented or leased.

The majority relies upon *Trujillo v. State,* 809 S.W.2d 593, 595–96 (Tex.App.-San Antonio 1991, no .pet.)(quoting *Gonzales v. State,* 723 S.W.2d 746, 751 (Tex. Crim.App.1987)). *Gonzales* dealt with taking judicial notice that the City of San Antonio was an incorporated city. This is clearly different than taking judicial notice of the legal status of real property.[4]

The stipulation failed to contain an element of the offense and accordingly does not constitute a judicial confession sufficient to support Lovelady's conviction. *See Snyder v. State,* 629 S.W.2d 930, 932 (Tex.Crim.App.1982), and *Breaux v. State,* 16 S.W.3d 854, 857 (Tex.App.-Houston [14th Dist.] 2000, pet. ref'd). The exception to this, some type of "catch-all" phrase that the defendant is guilty as alleged in the indictment or that the allegations in the indictment are true and correct, does not operate in the present case as the indictment also wholly omits the element in question. *See Snyder,* 629 S.W.2d at 932, and *Breaux,* 16 S.W.3d at 857.

Accordingly, Lovelady's conviction can only be sustained through the judicial notice mechanism. I do not believe this mechanism is proper in this instance. The judgment of the trial court should be reversed and the cause remanded. *See Breaux,* 16 S.W.3d at 857 n. 3.

---

3. I suppose the majority is taking judicial notice of the deed records of Montgomery County, Texas.

4. Does this mean ownership does not have to be established either by testimony or other means or that deeds, deeds of trust, leases, liens, etc. no longer have to be introduced into evidence?