In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-144 CR


____________________



JARVIS DURAN LOVELADY, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Cause No. 00-01-00522-CR






OPINION


 Jarvis Duran Lovelady pleaded guilty without a plea bargain to possession of a
controlled substance. The trial court assessed punishment and sentenced Lovelady to five 
years' confinement in the Texas Department of Criminal Justice, Institutional Division. 
Lovelady appeals claiming the trial court erred in assessing punishment because the
indictment and the evidence support only a state jail felony.

 The indictment charged Lovelady with possession of cocaine in an amount less than
one gram under section 481.115(b) of the Texas Health & Safety Code. (1) Paragraph B of
the indictment further alleged that Lovelady "committed the above offense in a place that
[he] knew was within 300 feet of the premises of a school, to wit: Willis High School. .
. ." Lovelady stated he committed each and every element alleged in the indictment. 
Lovelady stipulated he knowingly possessed a controlled substance in an amount less than
one gram and further, that he "committed the above offense in a place that [he] knew was 

within 300 feet of the premises of a school, to wit: Willis High School . . . ."

 In reviewing the legal sufficiency of stipulated evidence to support a trial court's
finding of guilt, we view the stipulated evidence as if it was testimony from an individual
witness or witnesses. See Robinson v. State, 739 S.W.2d 795, 799 n.5 (Tex. Crim. App.
1987) (quoting Stell v. State, 496 S.W.2d 623, 626 (Tex. Crim. App. 1973). The relevant
inquiry is whether, after viewing the evidence in the light most favorable to the verdict,
the trial court, as the rational trier of fact, could have found all of the essential elements
to have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99
S.Ct. 2781, 61 L.Ed.2d 560 (1979). As for stipulations specifically, it has been observed
that they are to be reasonably and liberally construed with a view of effectuating the
parties' intentions. See O'Conner v. State, 401 S.W.2d 237, 238 (Tex. Crim. App. 1966). 
When construing a stipulation of evidence, it is inconceivable that a trier of fact may not
make inferences from stipulated facts. See Ledesma v. State, 677 S.W.2d 529, 531 (Tex.
Crim. App. 1984). Finally, we note that a reviewing court measures legal sufficiency of
the evidence against a hypothetically correct jury charge, regardless of whether the trial
is to the bench or to a jury. Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App.
1997). 

 Possession under section 481.115(b) is punishable as a state jail felony. If the
possession occurs in one of the drug-free zones set forth in section 481.134, it is
punishable as a third degree felony. Tex. Health & Safety Code Ann. § 481.134
(Vernon Supp. 2001). The only "drug-free zone" provision applicable to appellant's
possession of less than one gram of cocaine is section 481.134(d). It provides:

 (d) An offense otherwise punishable under Section 481.112(b),
481.113(b), 481.114(b), 481.115(b), 481.116(b), 481.120(b)(3), or
481.121(b)(3) is a felony of the third degree if it is shown on the trial of the
offense that the offense was committed:

 (1) in, on, or within 1,000 feet of any real property that is
owned, rented, or leased to a school or school board; or 

 (2) on a school bus. 


Tex. Health & Safety Code Ann. § 481.134(d)(1) & (2) (Vernon Supp. 2001). Taken in the light most favorable to the verdict, the stipulation provides proof that
Lovelady knowingly possessed the cocaine in question "within 300 feet," which is well
within the statutory "1,000 feet," of Willis High School. Indeed, the Pre-Sentence
Investigation Report (PSI) which was admitted into evidence without objection by Lovelady
indicates that appellant was arrested on the Willis High School campus and when searched
on school premises, was found to be in possession of the cocaine. Therefore, the only
question with regard to the legal insufficiency issue is whether any rational trier of fact
could have found proof that the property upon which Lovelady possessed the cocaine was
"owned, rented, or leased [by or] to a school or school board." 

 The rules of evidence allow a trial court to take judicial notice of a fact generally
known within the territorial jurisdiction of the trial court or of a fact capable of accurate
and ready determination by resort to sources whose accuracy cannot reasonably be
questioned. Tex. R. Evid. 201(b). Indeed, the trial court may take judicial notice of an
adjudicative fact whether or not requested to do so, and also may take judicial notice at any
stage of the proceeding. Tex. R. Evid. 201(c) & (f). In 1.70 Acres, .20 Acres, and .28
Acres of Real Property and Structures Thereon (Mizell) v. State, 935 S.W.2d 480, 489
(Tex. App.--Beaumont 1996, no pet.), we stated the following:

 It has been said that judicial notice is one of the oldest doctrines of
common law; however, it is not without safeguards and limitations. Taking
judicial knowledge of any fact is subject to the test of "verifiable certainty." 
See, Eagle Trucking Co. v. Texas Bitulithic Co., 612 S.W.2d 503, 506 (Tex.
1981). The Court may take judicial notice of the location of cities, counties,
boundaries, dimensions, and distances, because geographical facts such as
these are easily ascertainable and capable of verifiable certainty. Butts
Retail, Inc. v. Diversifoods, Inc., 840 S.W.2d 770, 774 (Tex. App.--Beaumont 1992, writ denied). Well-known and easily ascertainable facts
may be judicially noticed. Eagle Trucking, 612 S.W.2d at 506.


 The question before us is analogous to one considered by the San Antonio Court of
Appeals in Trujillo v. State, 809 S.W.2d 593 (Tex. App.--San Antonio 1991, no pet.). In
Trujillo, the defendant was charged with assaulting a school teacher. Id. at 594. Trujillo's
punishment exposure was elevated to a Class B misdemeanor if the State proved that the
victim was a teacher on duty at "a school accredited by the Texas Education Agency." Id. 
On appeal, Trujillo contended the trial court erred in permitting the victim, over Trujillo's
timely objection, to testify that the school at which she worked was accredited by the Texas
Education Agency. Id. at 595. 

 After setting out the provisions of Tex. R. Evid. 201, the San Antonio Court,
analyzed the issue as follows:

 In [the instant case], the court could have easily rejected any inadmissible
testimony by the school teacher and taken judicial notice that Edgewood
High School is an accredited school by the state education agency because
this fact is easily capable of accurate and ready determination by resort to
sources whose accuracy cannot be reasonably questioned. In Gonzales v.
State, the Texas Court of Criminal Appeals stated that "'the theory of
[judicial notice] is that, where a fact is well known by all reasonably
intelligent people in the community or its existence is so easily determinable
with certainty from sources considered reliable, it would not be good sense
to require formal proof.'" 723 S.W.2d 746, 751 (Tex. Crim. App. 1987) (en
banc) (quoting 1 R. Ray, Texas Law of Civil and Criminal Evidence §
151, at 103 (Texas Practice 3d ed. 1980)). 


Trujillo, 809 S.W.2d at 595-96. (emphasis in original)

 In the instant case, the fact that Willis High School, located in Willis, Texas, is
"real property" and that it is "owned, rented, or leased" by or to Willis High School, or
to the school board of the Willis school district are facts that are either generally known
within the territorial jurisdiction of the trial court, or are capable of accurate and ready
determination by resort to sources whose accuracy cannot be reasonably questioned. (2) We
conclude that the trial court could have found all of the essential elements of the offense
charged to have been proven beyond a reasonable doubt, based upon the record before us. 
Lovelady's lone appellate issue is overruled. The judgment and the sentence of the trial
court are affirmed.

 AFFIRMED. 







 _________________________________

 RONALD L. WALKER

 Chief Justice 



Submitted on October 18, 2001

Opinion Delivered January 16, 2002

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.




DISSENTING OPINION


 I respectfully dissent. The issue in this case is whether the evidence showed
Lovelady was "in, on, or within 1,000 feet of any real property that is owned, rented, or
leased to a school or school board." Tex. Health & Safety Code Ann. § 481.134(d)(1)
(Vernon Supp. 2002). Neither the indictment nor the stipulation provides that element of
the offense. The majority, without citation, holds a court can take judicial notice of the
status of real property. (3)

 The indictment stated, in pertinent part: ". . . committed the above offense in a
place that [he] knew was within 300 feet of the premises of a school, to wit: Willis High
School. . . ." This is basically the language of Tex. Health & Safety Code Ann. §
481.134(b)(2) (Vernon Supp. 2002). However, section 481.134(c) does not apply to the
offense committed by Lovelady: a violation of section 481.115(b). Section 481.134(d)
enhances an offense under section 481.115(b) and section 481.134(d)(1) requires the
offense to be committed "in, on, or within 1000 feet of any real property that is owned,
rented or leased to a school or school board."

 Clearly the legislature intended to expand the physical location beyond "the
premises of a school", section 481.134(c)(1), to "any real property that is owned, rented
or leased to a school or school board." But, in doing so, they require the state to show
more than simply situs, i.e. "premises"; they require the state to show the legal
relationship of the property, i.e. owned, rented or leased.

 The majority relies upon Trujillo v. State, 809 S.W.2d 593, 595-96 (Tex. App.--San
Antonio 1991, no pet.)(quoting Gonzales v. State, 723 S.W.2d 746, 751 (Tex. Crim. App.
1987). Gonzales dealt with taking judicial notice that the City of San Antonio was an
incorporated city. This is clearly different than taking judicial notice of the legal status of
real property. (4)

 The stipulation failed to contain an element of the offense and accordingly does not
constitute a judicial confession sufficient to support Lovelady's conviction. See Snyder v.
State, 629 S.W.2d 930, 932 (Tex. Crim. App. 1982), and Breaux v. State, 16 S.W.3d
854, 857 (Tex. App.--Houston [14th Dist.] 2000, pet. ref'd). The exception to this, some
type of "catch-all" phrase that the defendant is guilty as alleged in the indictment or that
the allegations in the indictment are true and correct, does not operate in the present case
as the indictment also wholly omits the element in question. See Snyder, 629 S.W.2d at
932, and Breaux, 16 S.W.3d at 857.

 Accordingly, Lovelady's conviction can only be sustained through the judicial notice
mechanism. I do not believe this mechanism is proper in this instance. The judgment of
the trial court should be reversed and the cause remanded. See Breaux, 16 S.W.3d at 857
n.3.

 ________________________________

 DON BURGESS

 Justice


Dissent Delivered

January 16, 2002

Publish
1. Section 481.115(b) provides:


 (b) An offense under Subsection (a) is a state jail felony if the amount of the
controlled substance possessed is, by aggregate weight, including adulterants or dilutants,
less than one gram. Tex. Health & Safety Code Ann. § 481.115(b) (Vernon Supp.
2001).
2. Indeed, as an appendix to its brief, the State attached what appears to be a print-out
from the Montgomery County Appraisal District that indicates that "Willis High School
Campus," located on "Northwood Heights, Block 6, Lot 1-8," is owned by "Willis ISD"
in "Willis, TX." While we cannot consider as evidence any attachments to briefs, said
print-out seems to indicate the relative ease of ascertaining with certainty from a reliable
source the adjudicative fact of ownership of the "real property" upon which Lovelady
possessed the cocaine in question. 
3. I suppose the majority is taking judicial notice of the deed records of Montgomery
County, Texas.
4. Does this mean ownership does not have to be established either by testimony or
other means or that deeds, deeds of trust, leases, liens, etc. no longer have to be
introduced into evidence?