# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-22-00026-CR
NO. 03-22-00027-CR

---

**Aaron A. McBeth, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 421ST DISTRICT COURT OF CALDWELL COUNTY
NOS. 20-296 & 20-297, THE HONORABLE CHRIS SCHNEIDER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In two cases consolidated for trial, a jury convicted appellant Aaron A. McBeth of the offense of unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 46.04(a)(1). The jury assessed punishment at five years' imprisonment in each case, and the district court rendered judgment on each verdict, with the sentences to run concurrently. In a single issue on appeal, McBeth asserts that the evidence is insufficient to prove that he possessed the firearms. We will affirm the district court's judgments.

## BACKGROUND

The jury heard evidence that at approximately 2:00 a.m. on August 19, 2020, Officers Byron Powe and Zach Everett of the Lockhart Police Department were on patrol when they noticed a car parked at a Lockhart gas station with its engine running and its lights on. Officer Powe testified that when they first observed the car, "it appeared to be unoccupied," and

the officers "didn't know if there was a burglary going on, if something was going on, [or] if someone had just abandoned the vehicle," so they decided to approach the vehicle and investigate. Once the officers were close enough, they saw a man, later identified as McBeth, "asleep in the driver's seat." Powe testified that McBeth was "the sole occupant" in the vehicle. The officers awoke McBeth, who told the officers that he was driving from Gonzalez to Austin to visit his wife at a hospital. The officers had McBeth step out of the car and asked him if he had "anything illegal in the vehicle." McBeth admitted that he had K-2, a synthetic form of marijuana, inside the vehicle. The officers placed McBeth under arrest for possessing that substance and proceeded to search the vehicle for the drug.

Officer Everett searched the driver's side of the vehicle. During the search, Everett found a Smith & Wesson 40-caliber pistol "located under the driver's seat just barely protruding from the edge of the driver's seat." Everett testified that inside the pistol, "[t]here was a magazine inserted with rounds in the magazine and there was one round in the chamber." Everett also found a marijuana blunt and packages of synthetic marijuana, which were also located on the floor of the driver's side of the vehicle.

Officer Powe searched the passenger's side of the vehicle. Powe found a Hi-Point 9-mm pistol inside the glove compartment, in addition to multiple packages of synthetic marijuana. A photograph of the pistol as it was found inside the glove compartment was admitted into evidence. Powe also found inside the vehicle a balled-up black sock that contained 52 rounds of 40-caliber ammunition that Everett testified would fit inside the pistol that he had found underneath the driver's seat of the vehicle. No ammunition for the 9-mm pistol was found inside the vehicle.

2

The officers had dispatch run the firearms through a database to determine if either of the pistols were stolen. Powe testified that dispatch informed them that the pistol located in the glove compartment had been reported as stolen. The officers also learned that the vehicle was not registered to McBeth, although they did not know to whom the vehicle was registered.

At trial, McBeth stipulated that he had a prior felony conviction in 2017 for possession of a controlled substance. For each of the two pistols that McBeth was alleged to possess, the jury found him guilty of unlawful possession of a firearm by a felon. This appeal followed.

**STANDARD OF REVIEW**

"Under the Due Process Clause, a criminal conviction must be based on legally sufficient evidence." *Harrell v. State*, 620 S.W.3d 910, 913 (Tex. Crim. App. 2021) (citing *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015)). "When reviewing whether there is legally sufficient evidence to support a criminal conviction, the standard of review we apply is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Murray*, 457 S.W.3d at 448 (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. "On appeal, reviewing courts 'determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict.'" *Murray*, 457 S.W.3d at 448

3

(quoting *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). "Thus, '[a]ppellate courts are not permitted to use a "divide and conquer" strategy for evaluating sufficiency of the evidence' because that approach does not consider the cumulative force of all the evidence." *Id*. (quoting *Hacker v. State*, 389 S.W.3d 860, 873 (Tex. Crim. App. 2013)). "When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination." *Id*. at 448–49 (citing *Hooper v. State*, 214 S.W.3d 9, 12 (Tex. Crim. App. 2007)).

**DISCUSSION**

In his sole issue on appeal, McBeth contends that there is insufficient evidence to prove that he possessed the firearms. McBeth argues that because the firearms were not found on his person, he was in a car that was not registered to him, and the firearms were hidden from view, "the evidence does not provide a rational inference to link [him] to the conscious and intentional care, custody and control of the pistols."

A person commits the offense of unlawful possession of a firearm by a felon if he possesses a firearm after conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later. Tex. Penal Code § 46.04(a)(1). "Possession" means actual care, custody, control, or management. *Id*. § 1.07(39). A person commits the offense only if he voluntarily possesses a firearm, *see id*. § 6.01(a), and "[p]ossession is a voluntary act if the possessor knowingly obtains or receives the thing possessed or is aware of his control of the thing for a sufficient time to permit him to terminate his control," *id*. § 6.01(b).

4

A defendant's "mere presence" at the location where contraband is found is "insufficient to establish possession." *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). However, when contraband is not found on the defendant's person or in his exclusive possession, "a fact finder may nonetheless infer that the defendant intentionally or knowingly possessed the contraband if there are sufficient independent facts and circumstances justifying such an inference." *Id*.; *see James v. State*, 264 S.W.3d 215, 218–19 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). "The State may establish possession by proving an 'affirmative link,' which demonstrates that the defendant was conscious of his connection with the weapon and knew what it was." *James*, 264 S.W.3d at 219. Factors that may link the defendant to the contraband include whether:

> (1) the contraband was in plain view; (2) the defendant was the owner of the car in which the contraband was found; (3) the defendant was the driver of the car in which the contraband was found; (4) the defendant was in close proximity and had ready access to the contraband; (5) the contraband was found on the same side of the car as the defendant; (6) [other] contraband was found on the defendant; (7) the defendant attempted to flee; (8) conduct by the defendant indicated a consciousness of guilt, including extreme nervousness or furtive gestures; (9) the defendant had a special connection or relationship to the contraband; (10) the place where the contraband was found was enclosed; (11) occupants of the automobile gave conflicting statements about relevant matters; and (12) affirmative statements connect the defendant to the contraband, including incriminating statements made by the defendant when arrested.

*Id*.; *see also Tate*, 500 S.W.3d at 414 (listing similar factors for establishing narcotics possession); *Bates v. State*, 155 S.W.3d 212, 216 (Tex. App.—Dallas 2004, no pet.) ("In cases involving unlawful possession of a firearm by a felon, we analyze the sufficiency of the evidence under the rules adopted for determining the sufficiency of the evidence in cases of unlawful possession of a controlled substance.").

"The number of factors present is not as important as the logical force the factors have in establishing the elements of the offense," and "[t]he absence of various affirmative links does not constitute evidence of innocence to be weighed against the affirmative links present." *James*, 264 S.W.3d at 219. "Although these factors can help guide a court's analysis, ultimately the inquiry remains that set forth in *Jackson*: Based on the combined and cumulative force of the evidence and any reasonable inferences therefrom, was a jury rationally justified in finding guilt beyond a reasonable doubt?" *Tate*, 500 S.W.3d at 414 (citing *Jackson*, 443 U.S. at 318–19).

In this case, although the vehicle in which the firearms were located was not registered to McBeth, he was the sole occupant of the vehicle, and the officers found him asleep in the driver's seat. McBeth told the officers that he had been driving from Gonzalez to Austin, and he was stopped in Lockhart.[1] Based on this evidence, the jury could have reasonably inferred that when the officers found the vehicle in the parking lot of the gas station, McBeth had maintained custody and control of the vehicle for at least thirty minutes. Also, one of the firearms was located underneath the driver's seat where McBeth had been seated, and the other firearm was located inside the glove compartment of the vehicle. The jury could have reasonably inferred from this evidence that the pistols were within arm's reach of McBeth and that he had easy access to them. Moreover, the pistols were not entirely "hidden from view" as McBeth contends. Everett testified that the pistol he found on the driver's side of the vehicle was "located under the driver's seat just barely protruding from the edge of the driver's seat," and a photograph of the pistol that Powe found in the glove compartment showed that the pistol

---

[1] We may take judicial notice of the location of and approximate distance between the cities of Gonzalez and Lockhart. *See Woodward v. State*, 668 S.W.2d 337, 343 & n.6 (Tex. Crim. App. 1982); *Lovelady v. State*, 65 S.W.3d 810, 812–14 (Tex. App.—Beaumont 2002, no pet.). Lockhart is between 30 and 40 miles away from Gonzalez, depending on the route taken.

6

was visible upon opening the glove compartment. Moreover, other items of contraband, specifically a marijuana blunt and packages of synthetic marijuana, were found in close proximity to the pistols, and the jury could have reasonably inferred that because McBeth admitted to the officers that there was synthetic marijuana inside the vehicle, he would also be aware of the pistols that were nearby. Based on the combined and cumulative force of the above evidence and any reasonable inferences therefrom, we conclude that the evidence is sufficient to support the jury's finding beyond a reasonable doubt that McBeth possessed the firearms. *See James*, 264 S.W.3d at 219–20; *Bates*, 155 S.W.3d at 217; *see also Deshong v. State*, 625 S.W.2d 327, 329 (Tex. Crim. App. 1981) (deciding that evidence was sufficient, in part, because contraband was found inside automobile, which was "an enclosed area," because contraband was discovered on "floorboard directly in front of" defendant's seat, and because "the contraband was found on the same side of the car seat as that in which appellant was sitting"); *Hawkins v. State*, 89 S.W.3d 674, 677 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (noting that gun "was within easy reach of" defendant when determining that evidence was sufficient to establish possession).

We overrule McBeth's sole issue on appeal.

## CONCLUSION

We affirm the judgments of conviction.

_____

Gisela D. Triana, Justice

7

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: August 24, 2022

Do Not Publish