**Robert Lee WHATLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–91–164–CR.**

Court of Appeals of Texas, Corpus Christi.

Jan. 16, 1992.

Allen C. Isbell, Houston, for appellant.

John D. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before NYE, C.J., and BISSETT[1] and SEERDEN, JJ.

OPINION

BISSETT, Justice (Assigned).

Appellant pleaded guilty to aggravated robbery, and the trial court, after finding the enhancement paragraph true, assessed punishment at sixty years in prison. Appellant raises two points of error, claiming that he should be acquitted because he was

---

1. Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't. Code Ann. § 74.003 (Vernon 1988).

only indicted for robbery and because the evidence will not sustain a conviction for aggravated robbery. We affirm the trial court's judgment.

The body of the indictment states, in pertinent part:

> ... the Defendant, heretofore on or about August 31, 1990, did then and there unlawfully while in the course of committing theft of property owned by Todd Weber and with intent to obtain and maintain control of the property, intentionally cause bodily injury to Todd Weber, by stabbing the complainant in the abdomen with a knife.

The State concedes that the indictment only alleges the elements of robbery, having omitted that appellant caused *serious* bodily injury or that the knife was a deadly weapon. Appellant argues that the indictment cannot support his conviction.

Although the indictment alleged the elements of robbery, the record shows that he had notice that the State sought to convict him for aggravated robbery. The caption of the indictment reads, "FELONY CHARGE: AGG. ROBBERY BODILY INJURY." Appellant and his counsel signed written admonishments from the court before pleading, which apprised of the charge for "aggravated robbery" and the maximum punishment of 99 years or life, and appellant failed to object to any insufficiency in the indictment before the trial court pronounced him guilty of aggravated robbery. Moreover, appellant testified at the punishment phase that he was not surprised to be charged with aggravated robbery.

■ A defendant can challenge the sufficiency of an indictment for failure to vest the trial court with jurisdiction or for failure to inform him of the offense sufficiently to enable him to prepare a defense. Tex.Code Crim.Proc. art. 1.14(b) (Vernon Supp.1991) requires a defendant to object to such irregularities in an indictment as absence of an element of the offense before the trial date to preserve error. *Ex parte Morris*, 800 S.W.2d 225, 227 (Tex. Crim.App.1990); *Bucciarelli v. State*, 793

S.W.2d 289 n. 3 (Tex.App.—Corpus Christi 1990, pet. ref'd).

In *Studer v. State*, 799 S.W.2d 263 (Tex. Crim.App.1990), the Court of Criminal Appeals explains that failure to object waives all defects, whether of form or substance, except jurisdictional defects. If an instrument comes from the grand jury which purports to charge an offense and is facially an indictment, then it is an indictment for purposes of Tex. Const. art. V, § 12(b), and its presentation by a State's attorney invests the trial court with jurisdiction to hear the case. *Ex parte Morris*, 800 S.W.2d 225, 227 (Tex.Crim.App.1990); *Ex parte Gibson*, 800 S.W.2d 548, 551 (Tex. Crim.App.1990).

The alleged error here is not a jurisdictional defect. The indictment alleged all of the elements of robbery and its presentment conferred jurisdiction to hear the case. *See Studer*, 799 S.W.2d at 272; *Trujillo v. State*, 809 S.W.2d 593, 595 (Tex. App.—San Antonio 1991, no pet.). In *Studer*, the Court determined that the indictment in that case was sufficient to invest the trial court with jurisdiction, and thus held that although the State failed to make all necessary allegations, the defendant waived the error by failing to timely object.

In *Studer*, however, the offense charged is the same one for which the defendant was convicted. In our case, appellant stands convicted of a greater offense than the one the body of the charging instrument technically describes. Although appellant could argue that this indictment violated his constitutional right to notice of the charges against him, this record shows that appellant knew that the State accused him of aggravated robbery, the offense of which he was convicted. The purpose of art. 1.14(b) was to prevent a defendant from being able to "lay behind the log" when a charging instrument was defective, then overturn the conviction on appeal. *See Studer*, 799 S.W.2d at 269, 276–77, 282–83. Thus, if appellant's attorney waited to object as a matter of strategy, that strategy must fail if the purpose of the law is to be carried out.

In *Trujillo*, the San Antonio court upheld a conviction for a Class B misdemeanor even though the elements elevating the offense from a Class C to a Class B misdemeanor were not set out in the indictment. *See also DeDonato v. State*, 819 S.W.2d 164 (Tex.Crim.App.1991) (Defendant is convicted of Class B misdemeanor, conducting business at a sexually oriented commercial enterprise that did not have a permit. Court of Criminal Appeals holds defendant's argument that she could not discern from face of indictment whether she was charged with a Class C or a Class B misdemeanor waived under art. 1.14(b).). The opinions in *Trujillo* and in *DeDonato* indicate that the defendants in those cases could claim surprise at being convicted of the greater offense. In our case, appellant cannot argue that he did not have notice that the State sought to convict for the greater offense.

Since appellant failed to object before trial, and since the record shows he knew he was being charged with aggravated robbery, we find any objection waived. Compare *State v. Murk*, 815 S.W.2d 556 (Tex.Crim.App.1991). We overrule point one.

By his second point, appellant complains that the State failed to prove the element of aggravated robbery that the knife used was a deadly weapon. Robbery is aggravated if the robber causes serious bodily injury to another or uses or exhibits a deadly weapon. *See* Tex.Penal Code Ann. § 29.03 (Vernon Supp.1991). A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. Tex.Penal Code Ann. § 1.07(a)(11)(B) (Vernon 1974).

 In reviewing the sufficiency of the evidence, an appellate court views the evidence in the light most favorable to the verdict or judgment to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 844 (Tex.Crim.App.1991) (not yet reported); *Baugh v. State*, 776 S.W.2d 583, 585 (Tex.Crim.App.1989). The evidence presented at the punishment phase of the trial may be considered in determining whether the evidence is sufficient to sustain a guilty verdict for the primary offense. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985).

 The victim testified that appellant stabbed him near his kidney during the robbery, and the knife had a three-inch blade. Mike Kardatzke, a retired Houston police detective who had worked in the homicide division for fourteen years, testified that a knife with a three-inch blade is capable of causing serious bodily injury to a person, specifically when stabbed into the kidney area, and if properly used, is capable of causing death. This evidence is sufficient to support the conclusion that appellant used a deadly weapon. We overrule point two.

The trial court's judgment is affirmed.