TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00094-CR







Robert Scott Bryson, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-02-0643-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 Robert Scott Bryson appeals from his conviction of theft of $1,500.00 or more, but
less than $20,000. See Tex. Pen. Code Ann. § 31.03 (West 2003). Pursuant to a plea bargain,
appellant was sentenced to 548 days' confinement in a state jail facility and ordered to pay
$15,393.20 in restitution. Appellant brings his appeal with the trial court's permission. See Tex. R.
App. P. 25.2(a)(2)(B). We affirm the judgment.


Factual and Procedural Background



 On October 8, 2002, appellant entered into a plea of guilty for the offense of theft and
entered into a "Waiver and Stipulation of Evidence" (the "stipulation"). Appellant swore in the
stipulation that the aggregate value of the property obtained was $1500 or more but less than
$20,000. The stipulation included "Attachment A" (the "attachment") that itemized both the
individual checks in the indictment, and numerous other checks considered by the trial court as part
of the plea bargain. See Tex. Pen. Code Ann. § 12.45 (West 2003) (admission of guilt on
unadjudicated offenses for sentencing; prosecution for those offenses barred). Appellant also signed
a confession stating that all the facts and allegations contained in the stipulation were correct and that
his plea was voluntary. Although appellant waived his rights to file a motion for new trial and to
appeal, the trial court later gave permission to appeal.

 In three issues on appeal, appellant contends that his plea was not supported by
sufficient evidence; that counsel was ineffective by failing to object to the waiver and stipulation of
evidence because the evidence did not prove guilt beyond a reasonable doubt of the felony charged;
and that his plea was involuntary because the State did not actually have sufficient proof to convict
him of a state jail felony as trial counsel advised appellant.


Discussion



Sufficiency of the Evidence


 In his first issue, appellant contends that his plea was not supported by sufficient
evidence. See Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2004). Appellant's issue is stated
in terms of sufficiency of the evidence. However, appellant's argument attacks both the sufficiency
of the evidence to support his plea and the sufficiency of the indictment. Appellant argues that the
attachment to the stipulation is ambiguous in that for some of the dates ("on or about") shown in the
indictment, more than one check is listed on the attachment. If the highest-value checks listed on
these dates are used, then a $1500 or over aggregate amount is reached, making the offense a state
jail felony. If the lowest-value checks on these dates are used, however, then the aggregate value is
less than $1500. Appellant argues that because one cannot tell which checks were used for purposes
of the indictment, and which were used for article 12.45 sentencing purposes, there is insufficient
evidence to show that the requisite amount for a state jail felony, over which the district court had
jurisdiction, was reached. Appellant's contention fails for several reasons.

 If a defendant does not object to a defect, error, or irregularity of form or substance
in an indictment or information before the date on which the trial on the merits commences, he
waives the right to object to that defect and may not raise the question on appeal or in any other post-conviction proceeding. See Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2004); see Studer
v. State, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); Whatley v. State, 822 S.W.2d 792, 793 (Tex.
App.--Corpus Christi 1992, pet. ref'd). If no actual trial is involved, such an objection must be
made at a pre-trial hearing before judgment, or the objection is waived. See Tex. Code Crim. Proc.
Ann. art. 1.14(b) (West Supp. 2004). Appellant made no objection to the indictment or to the waiver
and stipulation of evidence. The waiver said:


And it is further presented in and to said Court that all of said property was obtained
pursuant to one scheme and continuing course of conduct and the aggregate value of
the property obtained was $1500 or more but less than $20,000[.]



Appellant stipulated that the checks (the property) as enumerated in the indictment had an aggregate
value of $1500 or more. The reference to the attachment follows the stipulation about the aggregate
value and refers to appellant judicially confessing to the unindicted offenses as outlined in the
attachment. Appellant's confession as to the amount of the checks was not predicated on a reference
to the attachment; if he thought there was any ambiguity about which checks were part of the offense
and which were to be used for section 12.45 purposes, he should have objected contemporaneously. 
Appellant has waived any right to object to the indictment on appeal. See Whatley, 822 S.W.2d at
793.

 Further, a plea of guilty or no contest alone is not sufficient to support a conviction
under Texas law. Johnson v. State, 722 S.W.2d 417, 422 (Tex. Crim. App. 1986). The State still
must provide sufficient evidence to support the judgment. A judicial confession provides sufficient
evidence to support the judgment. See Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.
1980); Lord v. State, 63 S.W.3d 87, 92 (Tex. App.--Corpus Christi 2001, no pet.). When a
defendant stipulates that all of the elements of the charge are true, such stipulation constitutes a
judicial confession. See McKenna v. State, 493 S.W.2d 514, 515 (Tex. Crim. App. 1972).

 In this case, appellant entered a plea of guilty and stipulated to all of the elements of
the charges; both that the aggregate value of the theft involved was more than $1500 but less than
$20,000 and that the unindicted offenses of theft were true. Appellant's stipulation constitutes a
judicial confession and is sufficient to support the conviction. See Lord v. State, 63 S.W.3d at 92;
Munoz v. State, 840 S.W.2d 69, 73 (Tex. App.--Corpus Christi 1992, pet. ref'd).

 Finally, the attachment itself refutes appellant's argument and shows an amount of 
theft establishing a state jail felony, jurisdiction in the district court, and shows that sufficient
evidence supported his plea. The stipulation has a chart that contains various columns labeled to
show the amount of the insufficient-funds check, the amount of the fee charged for the check, and 
the cumulative balance of those amounts as each check is added. The chart also contains columns
labeled "Ind. Ck.," "Ind. Total," "Unind.," "Unind. Total," "Ind. Fees," and "Unind. Fees." 
Logically, these columns represent the checks used in the indictment, their associated fees, the
checks used for section 12.45 purposes, and their totals. Certain checks have an "X" in the "Ind."
column. The total amount in the "Ind." column is $1611.90, an amount over $1500 but less than
$20,000, the aggregate indictment amount to which appellant stipulated. Accordingly, the stipulation
identifies the checks used in the indictment and did not leave open the possibility that checks totaling
less than $1500 were used. The overall total of both the "Ind." checks and the "Unind." checks is
the amount of restitution agreed to in the stipulation. There is sufficient evidence to support
appellant's plea to a state jail felony. We overrule appellant's first issue.


Ineffective Assistance


 In his second issue, appellant contends that counsel was ineffective by failing to
object to the waiver and stipulation of evidence. Appellant argues that counsel should have advised
him against the plea because there was not sufficient evidence to convict him.

 To show ineffective assistance of counsel, appellant must show both that counsel's
actions fell below an objective standard of reasonableness and that, but for counsel's unprofessional
errors, the result would have been different. See Strickland v. Washington, 466 U.S. 668, 687
(1985); Hill v. Lockart, 474 U.S. 52, 59 (1985) (applying Strickland analysis to pleas); Hernandez
v. State, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting Strickland). In determining
whether counsel's representation fell below an objective standard of reasonableness, a court must
indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable
professional assistance. Strickland, 466 U.S. at 687. The appellant is required to establish his claims
by a preponderance of the evidence. Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). 
Any allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813. (1) 
Failure to make the required showing of either deficient performance or sufficient prejudice defeats
an ineffectiveness claim. Id.; Keen v. State, 85 S.W.3d 405, 410 (Tex. App.--Tyler 2002, pet. ref'd). 
 Appellant cannot meet the first prong of Strickland. As discussed above, the evidence
was sufficient to support a conviction based on the waiver and stipulation. Accordingly, counsel's
actions in not objecting to the stipulation and in advising appellant to accept the plea cannot be
characterized as falling below an objective standard of reasonableness. See Strickland, 466 U.S. at
687. Appellant has failed to meet his burden to demonstrate ineffective assistance. We overrule
appellant's second issue.


Voluntariness of Plea


 In his third issue, appellant contends that his plea was involuntary because counsel
advised him that the State had sufficient evidence to convict him of a state jail felony when it did
not.

 When the record shows the trial court properly admonished the defendant as to the
consequences of his plea, the record presents a prima facie showing that the defendant entered a
knowing and voluntary plea. Ybarra v. State, 960 S.W.2d 742, 745 (Tex. App.--Dallas 1997, no
pet.). The burden then shifts to the defendant to show the plea was not voluntary. Id. If counsel
conveys erroneous information to a defendant, a plea of guilty based on that misinformation is
involuntary. Ex parte Griffin, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984). We determine
voluntariness by the totality of the circumstances. Ybarra, 960 S.W.2d at 745. We review the record
as a whole. Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 

 The record in this case shows the defendant was properly admonished, thus
establishing the prima facie case that the plea was knowing and voluntary. See Ybarra, 960 S.W.2d
at 745. As discussed above, the evidence was sufficient to support appellant's conviction for a state
jail felony. Accordingly, appellant's plea was not based on incorrect information. Cf. Griffin, 679
S.W.2d at 17. Appellant did not meet his burden to show that the plea was involuntary. We overrule
his third issue.


Conclusion



 We have considered and overruled all of appellant's issues. We affirm the trial
court's judgment.


 __________________________________________

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear


Affirmed


Filed: January 8, 2004


Do Not Publish
1. Generally, the record on direct appeal will not be sufficient to show that counsel's
representation was so deficient as to meet the first part of the Strickland standard. Mitchell v. State,
68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (citing Ex parte Duffy, 607 S.W.2d 507, 517-18 (Tex.
Crim. App. 1980)). The reasonableness of counsel's choices often involves facts that do not appear
in the appellate record. Id. A petition for writ of habeas corpus usually is the appropriate vehicle
to investigate ineffective-assistance claims. See Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim.
App. 1997).