# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00094-CR

**Robert Scott Bryson, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
### NO. B-02-0643-S, HONORABLE THOMAS J. GOSSETT, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Robert Scott Bryson appeals from his conviction of theft of $1,500.00 or more, but less than $20,000. *See* Tex. Pen. Code Ann. § 31.03 (West 2003). Pursuant to a plea bargain, appellant was sentenced to 548 days' confinement in a state jail facility and ordered to pay $15,393.20 in restitution. Appellant brings his appeal with the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2)(B). We affirm the judgment.

### Factual and Procedural Background

On October 8, 2002, appellant entered into a plea of guilty for the offense of theft and entered into a "Waiver and Stipulation of Evidence" (the "stipulation"). Appellant swore in the stipulation that the aggregate value of the property obtained was $1500 or more but less than $20,000. The stipulation included "Attachment A" (the "attachment") that itemized both the individual checks in the indictment, and numerous other checks considered by the trial court as part

of the plea bargain. *See* Tex. Pen. Code Ann. § 12.45 (West 2003) (admission of guilt on unadjudicated offenses for sentencing; prosecution for those offenses barred). Appellant also signed a confession stating that all the facts and allegations contained in the stipulation were correct and that his plea was voluntary. Although appellant waived his rights to file a motion for new trial and to appeal, the trial court later gave permission to appeal.

In three issues on appeal, appellant contends that his plea was not supported by sufficient evidence; that counsel was ineffective by failing to object to the waiver and stipulation of evidence because the evidence did not prove guilt beyond a reasonable doubt of the felony charged; and that his plea was involuntary because the State did not actually have sufficient proof to convict him of a state jail felony as trial counsel advised appellant.

## Discussion

### *Sufficiency of the Evidence*

In his first issue, appellant contends that his plea was not supported by sufficient evidence. *See* Tex. Code Crim. Proc. Ann. art. 1.15 (West Supp. 2004). Appellant's issue is stated in terms of sufficiency of the evidence. However, appellant's argument attacks both the sufficiency of the evidence to support his plea and the sufficiency of the indictment. Appellant argues that the attachment to the stipulation is ambiguous in that for some of the dates ("on or about") shown in the indictment, more than one check is listed on the attachment. If the highest-value checks listed on these dates are used, then a $1500 or over aggregate amount is reached, making the offense a state jail felony. If the lowest-value checks on these dates are used, however, then the aggregate value is less than $1500. Appellant argues that because one cannot tell which checks were used for purposes

2

of the indictment, and which were used for article 12.45 sentencing purposes, there is insufficient evidence to show that the requisite amount for a state jail felony, over which the district court had jurisdiction, was reached. Appellant's contention fails for several reasons.

If a defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives the right to object to that defect and may not raise the question on appeal or in any other post-conviction proceeding. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2004); *see Studer v. State*, 799 S.W.2d 263, 268 (Tex. Crim. App. 1990); *Whatley v. State*, 822 S.W.2d 792, 793 (Tex. App.—Corpus Christi 1992, pet. ref'd). If no actual trial is involved, such an objection must be made at a pre-trial hearing before judgment, or the objection is waived. *See* Tex. Code Crim. Proc. Ann. art. 1.14(b) (West Supp. 2004). Appellant made no objection to the indictment or to the waiver and stipulation of evidence. The waiver said:

> And it is further presented in and to said Court that all of said property was obtained pursuant to one scheme and continuing course of conduct and the aggregate value of the property obtained was $1500 or more but less than $20,000[.]

Appellant stipulated that the checks (the property) as enumerated in the indictment had an aggregate value of $1500 or more. The reference to the attachment follows the stipulation about the aggregate value and refers to appellant judicially confessing to the unindicted offenses as outlined in the attachment. Appellant's confession as to the amount of the checks was not predicated on a reference to the attachment; if he thought there was any ambiguity about which checks were part of the offense and which were to be used for section 12.45 purposes, he should have objected contemporaneously.

3

Appellant has waived any right to object to the indictment on appeal. *See Whatley*, 822 S.W.2d at 793.

Further, a plea of guilty or no contest alone is not sufficient to support a conviction under Texas law. *Johnson v. State*, 722 S.W.2d 417, 422 (Tex. Crim. App. 1986). The State still must provide sufficient evidence to support the judgment. A judicial confession provides sufficient evidence to support the judgment. *See Dinnery v. State*, 592 S.W.2d 343, 353 (Tex. Crim. App. 1980); *Lord v. State*, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.). When a defendant stipulates that all of the elements of the charge are true, such stipulation constitutes a judicial confession. *See McKenna v. State*, 493 S.W.2d 514, 515 (Tex. Crim. App. 1972).

In this case, appellant entered a plea of guilty and stipulated to all of the elements of the charges; both that the aggregate value of the theft involved was more than $1500 but less than $20,000 and that the unindicted offenses of theft were true. Appellant's stipulation constitutes a judicial confession and is sufficient to support the conviction. *See Lord v. State*, 63 S.W.3d at 92; *Munoz v. State*, 840 S.W.2d 69, 73 (Tex. App.—Corpus Christi 1992, pet. ref'd).

Finally, the attachment itself refutes appellant's argument and shows an amount of theft establishing a state jail felony, jurisdiction in the district court, and shows that sufficient evidence supported his plea. The stipulation has a chart that contains various columns labeled to show the amount of the insufficient-funds check, the amount of the fee charged for the check, and the cumulative balance of those amounts as each check is added. The chart also contains columns labeled "Ind. Ck.," "Ind. Total," "Unind.," "Unind. Total," "Ind. Fees," and "Unind. Fees." Logically, these columns represent the checks used in the indictment, their associated fees, the

4

checks used for section 12.45 purposes, and their totals. Certain checks have an "X" in the "Ind." column. The total amount in the "Ind." column is $1611.90, an amount over $1500 but less than $20,000, the aggregate indictment amount to which appellant stipulated. Accordingly, the stipulation identifies the checks used in the indictment and did not leave open the possibility that checks totaling less than $1500 were used. The overall total of both the "Ind." checks and the "Unind." checks is the amount of restitution agreed to in the stipulation. There is sufficient evidence to support appellant's plea to a state jail felony. We overrule appellant's first issue.

### Ineffective Assistance

In his second issue, appellant contends that counsel was ineffective by failing to object to the waiver and stipulation of evidence. Appellant argues that counsel should have advised him against the plea because there was not sufficient evidence to convict him.

To show ineffective assistance of counsel, appellant must show both that counsel's actions fell below an objective standard of reasonableness and that, but for counsel's unprofessional errors, the result would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687 (1985); *Hill v. Lockart*, 474 U.S. 52, 59 (1985) (applying *Strickland* analysis to pleas); *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986) (adopting *Strickland*). In determining whether counsel's representation fell below an objective standard of reasonableness, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 687. The appellant is required to establish his claims by a preponderance of the evidence. *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000). Any allegation of ineffectiveness must be firmly founded in the record, and the record must

5

affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813.[1]

Failure to make the required showing of either deficient performance or sufficient prejudice defeats

an ineffectiveness claim. *Id*.; *Keen v. State*, 85 S.W.3d 405, 410 (Tex. App.—Tyler 2002, pet. ref'd).

Appellant cannot meet the first prong of *Strickland*. As discussed above, the evidence

was sufficient to support a conviction based on the waiver and stipulation. Accordingly, counsel's

actions in not objecting to the stipulation and in advising appellant to accept the plea cannot be

characterized as falling below an objective standard of reasonableness. *See Strickland*, 466 U.S. at

687. Appellant has failed to meet his burden to demonstrate ineffective assistance. We overrule

appellant's second issue.

### Voluntariness of Plea

In his third issue, appellant contends that his plea was involuntary because counsel

advised him that the State had sufficient evidence to convict him of a state jail felony when it did

not.

When the record shows the trial court properly admonished the defendant as to the

consequences of his plea, the record presents a *prima facie* showing that the defendant entered a

knowing and voluntary plea. *Ybarra v. State*, 960 S.W.2d 742, 745 (Tex. App.—Dallas 1997, no

---

[1] Generally, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard. *Mitchell v. State*, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002) (citing *Ex parte Duffy*, 607 S.W.2d 507, 517-18 (Tex. Crim. App. 1980)). The reasonableness of counsel's choices often involves facts that do not appear in the appellate record. *Id*. A petition for writ of habeas corpus usually is the appropriate vehicle to investigate ineffective-assistance claims. *See Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).

pet.). The burden then shifts to the defendant to show the plea was not voluntary. *Id*. If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex. Crim. App. 1984). We determine voluntariness by the totality of the circumstances. *Ybarra*, 960 S.W.2d at 745. We review the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975).

The record in this case shows the defendant was properly admonished, thus establishing the *prima facie* case that the plea was knowing and voluntary. *See Ybarra*, 960 S.W.2d at 745. As discussed above, the evidence was sufficient to support appellant's conviction for a state jail felony. Accordingly, appellant's plea was not based on incorrect information. *Cf. Griffin*, 679 S.W.2d at 17. Appellant did not meet his burden to show that the plea was involuntary. We overrule his third issue.

## Conclusion

We have considered and overruled all of appellant's issues. We affirm the trial court's judgment.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: January 8, 2004

Do Not Publish

7