**Richard G. YBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 05–96–00099–CR.

Court of Appeals of Texas, Dallas.

July 23, 1997.

John G. Tatum, Dallas, for appellant.

Sue Lorioth, Lorraine A. Raggio, Assistant District Attorneys, Dallas, for State.

Before MALONEY, CHAPMAN and MOSELEY, JJ.

## OPINION

CHAPMAN, Justice.

Appellant pleaded guilty with no agreement on punishment to conspiracy to possess marijuana in an amount less than 200 pounds, but greater than fifty pounds. The trial court assessed punishment at fifty years' confinement. In five points of error, appellant generally contends: (1) the punishment assessed was not authorized by statute; (2) the evidence is legally and factually insuf-

744

ficient to support his conviction; and (3) his guilty plea was not voluntary. We affirm.

## Punishment

■ In his first point of error, appellant contends his fifty-year sentence was outside the punishment range permitted by law. On August 17, 1990, appellant committed the offense of conspiring to possess fifty to 200 pounds of marijuana. Title 4, section 15.02 of the penal code makes it an offense to conspire to commit a felony. Act of May 24, 1973, 63d Leg., R.S, ch. 399, § 1, 1973 Tex. Gen. Laws 883, 910, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3607 (current version at TEX. PENAL CODE ANN. § 15.02 (Vernon 1994)). The penal code provides that the offense of conspiracy is one category lower than the most serious felony that is the object of the conspiracy. *Id.* However, at the time appellant committed the offense, section 481.108 of the health and safety code provided that:

Title 4, Penal Code, applies to ... offenses designated as aggravated offenses under this subchapter, except that the punishment for a preparatory offense is the same as the punishment prescribed for the offense that was the object of the preparatory offense.

Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 TEX. GEN LAWS 2230, 2934, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3705, *amended by* Act of May 29, 1995, 74th Leg., R.S., ch. 318, § 36, 1995 Tex. Gen. Laws 2734, 2746 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.108 (Vernon Supp. 1997)). At the time of the offense, possession of more than fifty pounds of marijuana was an aggravated offense under the health and safety code. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2939, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3709 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon Supp.1997)). Therefore, the punishment range for conspiracy to possess fifty to 200 pounds of marijuana was the same as the punishment range for possession of fifty to

200 pounds of marijuana. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2934 (amended 1993 & 1995); *see also Dowling v. State,* 885 S.W.2d 103, 126 n. 16 (Tex.Crim.App.1992) (op. on reh'g). The punishment range for possession of fifty to 200 pounds of marijuana was confinement for five years to ninety-nine years or life, and a fine not to exceed $50,000. Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2939, *amended by* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3709 (current version at TEX. HEALTH & SAFETY CODE ANN. § 481.121 (Vernon Supp.1997)). Appellant's fifty-year sentence was, therefore, within the range of punishment permitted by law. We overrule appellant's first point of error.

## Sufficiency of the Evidence

■ In his second point of error, appellant contends the evidence is legally insufficient to support his conviction. He asserts that his judicial confession did not support each and every element of the indictment.

■ In a bench trial, a plea of guilty will not support a felony conviction unless the State introduces sufficient evidence to support the plea. *See* Act of May 28, 1973, 63d Leg., R.S., ch. 426, art. 3, § 5, 1973 Tex. Gen. Laws 1122, 1127, *amended by* Act of May 27, 1991, 72d Leg., R.S., ch. 652, § 3, 1991 Tex. Gen. Laws 2394, 2394 (current version at TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1997)); *Dinnery v. State,* 592 S.W.2d 343, 351 (Tex.Crim.App.1979) (op. on reh'g). A judicial confession alone, however, will sustain a conviction on a guilty plea. *Dinnery,* 592 S.W.2d at 353; *Ross v. State,* 931 S.W.2d 633, 635 (Tex.App.—Dallas 1996, no pet.).

Appellant signed a judicial confession in which he admitted that he was guilty of conspiring to possess marijuana "exactly as alleged in the indictment." Appellant further testified that he was pleading guilty because he was guilty and for no other reason. This is sufficient evidence to support appellant's guilty plea. *Ross,* 931 S.W.2d at 635. We overrule appellant's second point of error.

In his third point of error, appellant contends the evidence is factually insufficient to support his conviction. In *Clewis v. State*, 922 S.W.2d 126 (Tex.Crim.App.1996), the court of criminal appeals held that a defendant in a non-capital felony case was entitled to a factual sufficiency review of the evidence. *Clewis* concerned a not guilty plea and a contested trial before a jury. Appellant cites us to no authority for the proposition that a defendant who pleads guilty and executes a valid judicial confession is entitled to a factual sufficiency review of the evidence.

Under the *DeGarmo* doctrine, when a defendant testifies and admits guilt at the punishment phase of a criminal trial, he waives any error that might have occurred at the guilt phase. *DeGarmo v. State*, 691 S.W.2d 657, 661 (Tex.Crim.App.), *cert. denied*, 474 U.S. 973, 106 S.Ct. 337, 88 L.Ed.2d 322 (1985); *see also McGlothlin v. State*, 896 S.W.2d 183, 189 (Tex.Crim.App.), *cert. denied*, 516 U.S. 882, 116 S.Ct. 219, 133 L.Ed.2d 150 (1995). In *McGlothlin*, the court of criminal appeals explained:

> The *DeGarmo* doctrine has been described as a "common-sense rule of procedure," because "the function of trial is to sift out the truth from a mass of contradictory evidence. . . ." Stated another way, "The basic purpose of a trial is the determination of truth." When the defendant testifies and judicially confesses to the charged offense, the purpose of the trial process has been served—the truth has been determined and the purpose of the guilt/innocence phase of the trial has been satisfied. No reversible error should occur where the defendant has satisfied the necessity of the trial process.

*McGlothlin*, 896 S.W.2d at 187 (citations and footnote omitted). In *Hoffman v. State*, 922 S.W.2d 663 (Tex.App.—Waco 1996, pet. ref'd), the Waco court of appeals applied the *DeGarmo* doctrine to a case in which the defendant pleaded guilty and testified at the open plea hearing and admitted his guilt. The Waco court concluded that the defendant's admission of guilt under oath waived any challenge to the factual sufficiency of the evidence. *Id.* at 672.

Here, appellant waived a jury and entered a plea of guilty without a plea bargain. Appellant testified at the plea hearing and admitted his guilt under oath. We conclude appellant waived any challenge to the factual sufficiency of the evidence. *See id.* We overrule appellant's third point of error.

## Voluntariness of Plea

In his fourth point of error, appellant contends his guilty plea was involuntary because his trial attorney promised him probation if he pleaded guilty. When the record shows the trial court properly admonished the defendant as to the consequences of his plea, the record presents a prima facie showing the defendant entered a knowing and voluntary plea. *Harris v. State*, 887 S.W.2d 482, 484 (Tex.App.—Dallas 1994, no pet.). The burden then shifts to the defendant to show the plea was not voluntary. *Id.* If counsel conveys erroneous information to a defendant, a plea of guilty based on that misinformation is involuntary. *Ex parte Griffin*, 679 S.W.2d 15, 17 (Tex.Crim.App. 1984). We determine voluntariness by the totality of the circumstances. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *Crawford v. State*, 890 S.W.2d 941, 944 (Tex.App.—San Antonio 1994, no pet.). We review the record as a whole. *Williams v. State*, 522 S.W.2d 483, 485 (Tex.Crim.App.1975); *Fimberg v. State*, 922 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. ref'd).

Appellant was properly admonished concerning the consequences of his plea. Appellant, nevertheless, asserts that he pleaded guilty on the belief that he would receive a probated sentence because his attorney promised him probation. In determining whether appellant's plea was involuntary, we must first determine whether counsel made any such promise. *See Fimberg*, 922 S.W.2d at 208. At the hearing on appellant's motion for new trial, appellant, appellant's sister, and appellant's mother each testified that appellant's counsel promised appellant he would get probation if he pleaded guilty. This testimony is, however, contradicted by appellant's own testimony at his plea hearing. At the plea hearing, ap-

pellant acknowledged that he knew the range of punishment for the offense was five years to ninety-nine years or life, and a fine not to exceed $50,000. He said he was pleading guilty freely and voluntarily. He said he understood that there was no plea bargain and that the trial court could assess punishment anywhere within the range permitted by law. Appellant further said his attorney did not promise him anything. We conclude the after-the-fact testimony of appellant and his close family members is not alone sufficient to show appellant's plea was involuntary. *See id.* We overrule appellant's fourth point of error.

In his fifth point of error, appellant contends counsel's ineffectiveness caused his plea to be involuntary. Specifically, appellant asserts counsel was ineffective for: (1) failing to call character witnesses, and (2) promising him he would receive probation. He asserts this rendered his plea involuntary because he would not have pleaded guilty without character witnesses absent his attorney's promise of probation.

To show ineffective assistance of counsel a defendant must show: (1) his attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 695, 104 S.Ct. 2052, 2068–69, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55–57 (Tex. Crim.App.1986). This standard applies to challenges to guilty pleas. *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370–71, 88 L.Ed.2d 203 (1985); *Fimberg,* 922 S.W.2d at 207. In such cases, the defendant must show that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial. *Hill,* 474 U.S. at 59, 106 S.Ct. at 370; *Fimberg,* 922 S.W.2d at 207.

The defendant has the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State,* 694 S.W.2d 528, 531 (Tex.Crim.App.1985). The record must support a claim of ineffective assistance. *Mercado v. State,* 615 S.W.2d 225, 228 (Tex.Crim.App. [Panel Op.] 1981);

*Weeks v. State,* 894 S.W.2d 390, 391 (Tex. App.—Dallas 1994, no pet.).

Appellant contends he would not have pleaded guilty without character witnesses if his attorney had not promised him probation. We have previously concluded that appellant has not shown his attorney promised him probation. Therefore, appellant cannot show that counsel's alleged promise and failure to call character witnesses rendered his plea involuntary. We overrule appellant's fifth point of error and affirm the trial court's judgment.