Melvin Otto Nolly, Jr. v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-04-251-CR

2-04-257-CR

MELVIN OTTO NOLLY, JR. A/K/A APPELLANT

MELVIN O. NOLLY, JR.

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Melvin Otto Nolly, Jr. entered an open plea of guilty to the offense of aggravated robbery with a deadly weapon and a plea of true to the State’s allegation that he violated the terms and conditions of his deferred adjudication probation.  The trial court sentenced Nolly to twenty-five years’ confinement for the aggravated robbery and to twenty years’ confinement after adjudicating him guilty of aggravated assault with a deadly weapon.
(footnote: 2)  In his first issue, Nolly complains that the trial court erred by finding him guilty of aggravated robbery because there was insufficient evidence to show that he used a deadly weapon.  In his second issue, Nolly contends that the trial court erred by revoking his deferred adjudication probation because he did not commit the offense of aggravated robbery.  We will 
affirm.

II.  Factual and Procedural Background

Nolly pleaded guilty to the offense of aggravated assault with a deadly weapon.  The trial court deferred adjudicating Nolly’s guilt and placed him on five years’ probation.  Subsequently, Nolly was indicted on two counts of aggravated robbery; based on this new offense, the State filed a petition to proceed with an adjudication of guilt in the aggravated assault case.  Nolly entered an open plea of guilty to both counts set forth in the aggravated robbery indictment and entered a plea of true to the State’s allegation that he had violated his probation.  After finding Nolly guilty on both counts of aggravated robbery and finding the State’s allegation that Nolly violated his probation to be true, the trial court delayed imposition of sentence, requesting a pre-sentence investigation report. 

At the sentencing hearing, Matthew and Suzanne Allan, the victims in the aggravated robbery, testified.  Matthew testified that when he arrived at his parents’ home to eat lunch on the day of the robbery, he saw a white car parked in front of the house.  As Matthew approached the house, he noticed that the front door was open, and he encountered a man in the front doorway who was holding a bed sheet filled with guns and rifles. 

The burglar, later identified as Nolly, dropped the guns in the bed sheet and pointed a handgun at Matthew.  Matthew retreated to his car, drove down the street, and called 911.  Shortly thereafter, Suzanne, Matthew’s mother, returned home, noticed the same white car parked in front of her residence, and saw a number of rifles lying on the ground by the car.  Realizing that her home was being burglarized, she swerved her car in front of Nolly’s car in order to block its exit.  When Nolly pointed a gun at her, however, she too drove away. Matthew testified that his father owns two handguns, a .45 and a .357 revolver.  Matthew thought the handgun that Nolly pointed at him was a semi-automatic, maybe a nine-millimeter, and not a .357.  He further stated that after the incident, the .45 was recovered, but not the .357 revolver. 

Nolly initially testified at the sentencing hearing that he used a BB gun during the robbery.  When questioned by the judge, however, Nolly said that he pointed a .357 at Matthew and Suzanne—the Allans’ .357.  The trial court sentenced Nolly at the conclusion of the hearing.

III.  Sufficiency of Evidence—Deadly Weapon

In his first issue, Nolly argues that the trial court erred by finding him guilty of aggravated robbery because there was insufficient evidence to show that he used a deadly weapon.  Nolly reasons that this constituted a denial of his due process rights under the Fifth and Fourteenth Amendments of the United States Constitution and article 1, section 19 of the Texas Constitution. The State maintains that the evidence is sufficient to support the finding.  As a preliminary matter, we first address whether Nolly has forfeited appellate review of this issue.

A.  
Young 
and Its Lineage  

Nolly entered an open plea of guilty (a non-negotiated guilty plea), and because Nolly’s error is non-jurisdictional in nature, the 
Helms 
rule is implicated.
(footnote: 3)  
See Helms v. State
, 484 S.W.2d 925, 927 (Tex. Crim. App. 1972) (reasoning that non-jurisdictional issues occurring before the entry of the plea are waived when guilty plea is entered without the benefit of a plea bargain)
; see also Lewis v. State
, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995) (“A nonnegotiated guilty plea is conclusive as to the defendant’s guilt and waives all nonjurisdictional defects occurring prior to the guilty plea.”)
.  However, the court of criminal appeals abrogated a portion of the 
Helms 
rule in 
Young v. State
, 8 S.W.3d 656, 666-67 (Tex. Crim. App. 2000).  There, it announced that “a valid plea of guilty or nolo contendere ‘waives’ or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error.”  
See id
.  Thus, our ability to examine alleged error by a complaining appellant who entered an open plea of guilty is limited to potential jurisdictional defects, the voluntariness of the plea, potential error occurring before the plea that resulted in or supports the judgment of guilt, and potential error occurring at or after the guilty plea.  
See id
.; 
see also Jack v. State
, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 1994) (holding defendant’s pleas of guilty without agreed recommendation as to punishment did not waive defendant’s right to appellate review of non-jurisdictional issues arising after entry of guilty pleas).  

Here, Nolly entered his open plea of guilty and the court found him guilty on March 30, 2004.  The sentencing hearing was held on May 28, 2004, and at this hearing the issue arose regarding whether a deadly weapon was used in the aggravated robbery.  Thus, Nolly has not forfeited this issue because it is a non-jurisdictional issue arising after the entry of his non-negotiated guilty plea.  
See Young
, 8 S.W.3d at 666-67; 
Jack
, 871 S.W.2d at 743-44.  We may therefore reach the merits of Nolly’s first issue.

B.  Sufficient
 
Evidence
 

In a bench trial, a plea of guilty will not support a felony conviction unless the State introduces sufficient evidence to support the plea.  
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2004-05); 
Ybarra v. State
, 960 S.W.2d 742, 744 (Tex. App.—Dallas 1997, no pet.).  It is well settled that a judicial confession, standing alone, is sufficient to sustain a conviction upon a guilty plea and to satisfy the requirements of article 1.15.  
See Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g); 
Bishop v. State
, 507 S.W.2d 745, 745 (Tex. Crim. App. 1974); 
Ybarra
, 960 S.W.2d at 744.
 

Count one of the indictment provides,

[Nolly] did then and there intentionally or knowingly, while in the course of committing theft of property and with intent to obtain or maintain control of said property, threaten or place Matthew Allan in fear of imminent bodily injury or death, and the defendant did then and there use or exhibit a deadly weapon, to-wit: a firearm.

Count two of the indictment substitutes Matthew’s name with “Suzanne Allan.”  In open court, Nolly pleaded guilty after confirming that he understood the charges brought against him.  Nolly further signed a judicial confession which states in part the following: 

I have read the indictment or information filed in this case and the same has been reviewed with me by my attorney and I understand all matters contained therein; 
I committed each and every act as alleged therein
, except those acts expressly waived by the State; 
I am guilty of the offense(s) as alleged 
as well as all lesser included offenses.  [Emphasis added.]

The judicial confession was part of Nolly’s written plea admonishments.  Nolly, Nolly’s trial counsel, and the trial judge all signed the written admonishments, and the trial court admitted them into evidence prior to accepting Nolly’s plea for purposes of both the aggravated robbery and the adjudication of the aggravated assault.  
Accordingly, based on the signed judicial confession, sufficient evidence existed to find that Nolly used or exhibited a deadly weapon during the aggravated robbery.
  
See Dinnery
, 592 S.W.2d at 353; 
Ybarra
, 960 S.W.2d at 744.
 

Nolly also argues within his first issue that his testimony about the BB gun at the sentencing hearing “should have called into question the voluntariness of the original plea under Texas Code of Criminal Procedure Article 26.13(b)” at the point during his testimony “when it became apparent that there was an issue about the use of a firearm.”  Construing this statement as a challenge to the voluntariness of Nolly’s plea,
(footnote: 4) we nevertheless hold that Nolly forfeited this argument by not raising this issue before the trial court.  
See 
Tex. R. App. P.
 33.1(a)(1)(A); 
Mendez v. State
, 138 S.W.3d 334, 339 (Tex. Crim. App. 2004) (“Appellant did not preserve his complaint in accordance with Rule 33.1 regarding the trial court’s failure to 
sua sponte 
withdraw his guilty plea.  As a result of that failure, any error is waived.”); 
Williams v. State
, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref’d) (holding alleged error that trial court failed to 
sua sponte 
withdraw guilty plea not preserved for appellate review).  We overrule Nolly’s first issue.
 

IV.  Revocation of Deferred Adjudication Probation

In his second issue, Nolly argues that the trial court erred by revoking his probation because there was no showing that he had committed aggravated robbery.
(footnote: 5)  The State maintains that this court lacks jurisdiction to consider the issue. 

A trial court’s determination to proceed with an adjudication of guilt may not be appealed.  
See 
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 5(b) (“The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge.  No appeal may be taken from this determination.”); 
Connolly v. State
, 983 S.W.2d 738, 741 (Tex. Crim. App. 1999); 
Griffin v. State
, 936 S.W.2d 706, 707 (Tex. App.—Fort Worth 1996, no pet.).  It follows that the sufficiency of the evidence to support the trial court’s adjudication of guilt is not reviewable
.  See Williams v. State
, 592 S.W.2d 931, 932-33 (Tex. Crim. App. [Panel Op.] 1979); 
Tillman v. State
, 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d).  Because Nolly may not appeal the trial court’s determination to adjudicate, we dismiss his second issue.

V.  Conclusion

Having overruled Nolly’s first issue
, and having dismissed his second issue, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
 March 10, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
The sentences are to be served concurrently. 

3:
Nolly argues that the alleged error is jurisdictional in nature.  We disagree.  The sufficiency of the evidence to support a conviction is a nonjurisdictional error.  
See Palacios v. State
, 942 S.W.2d 748, 750 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).  

4:
See Cooper v. State
, 45 S.W.3d 77, 87 (Tex. Crim. App. 2001) (“When we abrogated 
Helms
, we did not alter the ability of a non-plea bargaining defendant to challenge the voluntariness of his plea.”).

5:
Nolly further argues that the trial court’s alleged error has the effect of denying him due process under the Fifth and Fourteenth Amendments of the United States Constitution and under article I, section 19 of the Texas Constitution.  Because Nolly provides no support for this line of argument, we decline to address it.  
See
 
Tex. R. App. P.
 38.1(h).