COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
                                         NOS. 2-04-251-CR
                                                  2-04-257-CR
  
  
MELVIN 
OTTO NOLLY, JR. A/K/A                                            APPELLANT
MELVIN 
O. NOLLY, JR.
   
V.
   
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Melvin Otto Nolly, Jr. entered an open plea of guilty to the offense of 
aggravated robbery with a deadly weapon and a plea of true to the State’s 
allegation that he violated the terms and conditions of his deferred 
adjudication probation. The trial court sentenced Nolly to twenty-five years’ 
confinement for the aggravated robbery and to twenty years’ confinement after 
adjudicating him guilty of aggravated assault with a deadly weapon.[2]  In his first issue, Nolly complains that the trial 
court erred by finding him guilty of aggravated robbery because there was 
insufficient evidence to show that he used a deadly weapon. In his second issue, 
Nolly contends that the trial court erred by revoking his deferred adjudication 
probation because he did not commit the offense of aggravated robbery. We will 
affirm.
II. Factual and 
Procedural Background
        Nolly 
pleaded guilty to the offense of aggravated assault with a deadly weapon. The 
trial court deferred adjudicating Nolly’s guilt and placed him on five 
years’ probation. Subsequently, Nolly was indicted on two counts of aggravated 
robbery; based on this new offense, the State filed a petition to proceed with 
an adjudication of guilt in the aggravated assault case. Nolly entered an open 
plea of guilty to both counts set forth in the aggravated robbery indictment and 
entered a plea of true to the State’s allegation that he had violated his 
probation. After finding Nolly guilty on both counts of aggravated robbery and 
finding the State’s allegation that Nolly violated his probation to be true, 
the trial court delayed imposition of sentence, requesting a pre-sentence 
investigation report.
        At 
the sentencing hearing, Matthew and Suzanne Allan, the victims in the aggravated 
robbery, testified. Matthew testified that when he arrived at his parents’ 
home to eat lunch on the day of the robbery, he saw a white car parked in front 
of the house. As Matthew approached the house, he noticed that the front door 
was open, and he encountered a man in the front doorway who was holding a bed 
sheet filled with guns and rifles.
        The 
burglar, later identified as Nolly, dropped the guns in the bed sheet and 
pointed a handgun at Matthew. Matthew retreated to his car, drove down the 
street, and called 911. Shortly thereafter, Suzanne, Matthew’s mother, 
returned home, noticed the same white car parked in front of her residence, and 
saw a number of rifles lying on the ground by the car. Realizing that her home 
was being burglarized, she swerved her car in front of Nolly’s car in order to 
block its exit. When Nolly pointed a gun at her, however, she too drove away.
        Matthew 
testified that his father owns two handguns, a .45 and a .357 revolver. Matthew 
thought the handgun that Nolly pointed at him was a semi-automatic, maybe a 
nine-millimeter, and not a .357. He further stated that after the incident, the 
.45 was recovered, but not the .357 revolver.
        Nolly 
initially testified at the sentencing hearing that he used a BB gun during the 
robbery. When questioned by the judge, however, Nolly said that he pointed a 
.357 at Matthew and Suzanne — the Allans’ .357. The trial court sentenced 
Nolly at the conclusion of the hearing.
III. 
Sufficiency of Evidence—Deadly Weapon
        In 
his first issue, Nolly argues that the trial court erred by finding him guilty 
of aggravated robbery because there was insufficient evidence to show that he 
used a deadly weapon. Nolly reasons that this constituted a denial of his due 
process rights under the Fifth and Fourteenth Amendments of the United States 
Constitution and article 1, section 19 of the Texas Constitution. The State 
maintains that the evidence is sufficient to support the finding. As a 
preliminary matter, we first address whether Nolly has forfeited appellate 
review of this issue.
        A. Young and Its Lineage
        Nolly 
entered an open plea of guilty (a non-negotiated guilty plea), and because 
Nolly’s error is non-jurisdictional in nature, the Helms rule is 
implicated.[3]  See Helms v. State, 484 
S.W.2d 925, 927 (Tex. Crim. App. 1972) (reasoning that non-jurisdictional issues 
occurring before the entry of the plea are waived when guilty plea is entered 
without the benefit of a plea bargain); see also Lewis v. State, 911 
S.W.2d 1, 4-5 (Tex. Crim. App. 1995) (“A nonnegotiated guilty plea is 
conclusive as to the defendant’s guilt and waives all nonjurisdictional 
defects occurring prior to the guilty plea.”). However, the court of criminal 
appeals abrogated a portion of the Helms rule in Young v. State, 8 
S.W.3d 656, 666-67 (Tex. Crim. App. 2000). There, it announced that “a valid 
plea of guilty or nolo contendere ‘waives’ or forfeits the right to appeal a 
claim of error only when the judgment of guilt was rendered independent of, and 
is not supported by, the error.” See id. Thus, our ability to examine 
alleged error by a complaining appellant who entered an open plea of guilty is 
limited to potential jurisdictional defects, the voluntariness of the plea, 
potential error occurring before the plea that resulted in or supports the 
judgment of guilt, and potential error occurring at or after the guilty plea. See 
id.; see also Jack v. State, 871 S.W.2d 741, 743-44 (Tex. Crim. App. 
1994) (holding defendant’s pleas of guilty without agreed recommendation as to 
punishment did not waive defendant’s right to appellate review of 
non-jurisdictional issues arising after entry of guilty pleas).
        Here, 
Nolly entered his open plea of guilty and the court found him guilty on March 
30, 2004. The sentencing hearing was held on May 28, 2004, and at this hearing 
the issue arose regarding whether a deadly weapon was used in the aggravated 
robbery. Thus, Nolly has not forfeited this issue because it is a 
non-jurisdictional issue arising after the entry of his non-negotiated guilty 
plea. See Young, 8 S.W.3d at 666-67; Jack, 871 S.W.2d at 743-44. 
We may therefore reach the merits of Nolly’s first issue.
        B. Sufficient Evidence
        In 
a bench trial, a plea of guilty will not support a felony conviction unless the 
State introduces sufficient evidence to support the plea. See Tex. Code Crim. Proc. Ann. art. 1.15 
(Vernon Supp. 2004-05); Ybarra v. State, 960 S.W.2d 742, 744 (Tex. 
App.—Dallas 1997, no pet.). It is well settled that a judicial confession, 
standing alone, is sufficient to sustain a conviction upon a guilty plea and to 
satisfy the requirements of article 1.15. See Dinnery v. State, 592 
S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g); Bishop v. State, 
507 S.W.2d 745, 745 (Tex. Crim. App. 1974); Ybarra, 960 S.W.2d at 744.
        Count 
one of the indictment provides,
  
[Nolly] did then and there intentionally or knowingly, while in the course of 
committing theft of property and with intent to obtain or maintain control of 
said property, threaten or place Matthew Allan in fear of imminent bodily injury 
or death, and the defendant did then and there use or exhibit a deadly weapon, 
to-wit: a firearm.
  
  
Count 
two of the indictment substitutes Matthew’s name with “Suzanne Allan.” In 
open court, Nolly pleaded guilty after confirming that he understood the charges 
brought against him. Nolly further signed a judicial confession which states in 
part the following:
  
I have read the indictment or information filed in this case and the same has 
been reviewed with me by my attorney and I understand all matters contained 
therein; I committed each and every act as alleged therein, except those 
acts expressly waived by the State; I am guilty of the offense(s) as alleged as 
well as all lesser included offenses. [Emphasis added.]
  
The judicial confession was part of Nolly’s written plea admonishments. Nolly, 
Nolly’s trial counsel, and the trial judge all signed the written 
admonishments, and the trial court admitted them into evidence prior to 
accepting Nolly’s plea for purposes of both the aggravated robbery and the 
adjudication of the aggravated assault. Accordingly, based on the signed 
judicial confession, sufficient evidence existed to find that Nolly used or 
exhibited a deadly weapon during the aggravated robbery. See Dinnery, 592 
S.W.2d at 353; Ybarra, 960 S.W.2d at 744.
        Nolly 
also argues within his first issue that his testimony about the BB gun at the 
sentencing hearing “should have called into question the voluntariness of the 
original plea under Texas Code of Criminal Procedure Article 26.13(b)” at the 
point during his testimony “when it became apparent that there was an issue 
about the use of a firearm.” Construing this statement as a challenge to the 
voluntariness of Nolly’s plea,[4] we nevertheless 
hold that Nolly forfeited this argument by not raising this issue before the 
trial court.  See Tex. R. 
App. P. 33.1(a)(1)(A); Mendez v. State, 138 S.W.3d 334, 339 (Tex. 
Crim. App. 2004) (“Appellant did not preserve his complaint in accordance with 
Rule 33.1 regarding the trial court’s failure to sua sponte withdraw 
his guilty plea. As a result of that failure, any error is waived.”); Williams 
v. State, 10 S.W.3d 788, 789 (Tex. App.—Waco 2000, pet. ref’d) (holding 
alleged error that trial court failed to sua sponte withdraw guilty plea 
not preserved for appellate review). We overrule Nolly’s first issue.
IV. Revocation 
of Deferred Adjudication Probation
        In 
his second issue, Nolly argues that the trial court erred by revoking his 
probation because there was no showing that he had committed aggravated robbery.[5]  The State maintains that this court lacks 
jurisdiction to consider the issue.
        A 
trial court’s determination to proceed with an adjudication of guilt may not 
be appealed. See Tex. Code Crim. 
Proc. Ann. art. 42.12, § 5(b) (“The defendant is entitled to a hearing 
limited to the determination by the court of whether it proceeds with an 
adjudication of guilt on the original charge. No appeal may be taken from this 
determination.”); Connolly v. State, 983 S.W.2d 738, 741 (Tex. Crim. 
App. 1999); Griffin v. State, 936 S.W.2d 706, 707 (Tex. App.—Fort Worth 
1996, no pet.). It follows that the sufficiency of the evidence to support the 
trial court’s adjudication of guilt is not reviewable. See Williams v. 
State, 592 S.W.2d 931, 932-33 (Tex. Crim. App. [Panel Op.] 1979); Tillman 
v. State, 919 S.W.2d 836, 838 (Tex. App.—Fort Worth 1996, pet. ref’d). 
Because Nolly may not appeal the trial court’s determination to adjudicate, we 
dismiss his second issue.
V. Conclusion
        Having 
overruled Nolly’s first issue, and having dismissed his second issue, we 
affirm the trial court’s judgment.
  
  
                                                                  SUE 
WALKER
                                                                  JUSTICE
 
  
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 10, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
The sentences are to be served concurrently.
3.  
Nolly argues that the alleged error is jurisdictional in nature.  We 
disagree.  The sufficiency of the evidence to support a conviction is a 
nonjurisdictional error.  See Palacios v. State, 942 S.W.2d 748, 750 
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d).
4.  
See Cooper v. State, 45 S.W.3d 77, 87 (Tex. Crim. App. 2001) (“When we 
abrogated Helms, we did not alter the ability of a non-plea bargaining 
defendant to challenge the voluntariness of his plea.”).
5.  
Nolly further argues that the trial court’s alleged error has the effect of 
denying him due process under the Fifth and Fourteenth Amendments of the United 
States Constitution and under article I, section 19 of the Texas 
Constitution.  Because Nolly provides no support for this line of argument, 
we decline to address it.  See Tex. R. App. P. 38.1(h).