# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================

## ON MOTION FOR REHEARING

========================

## NO. 03-04-00786-CR

## Ex parte Crystal Fisher

## FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY, NO. 2CO2-00296, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant's motion for rehearing is denied. The memorandum opinion and judgment dated September 15, 2005, are withdrawn and this memorandum opinion is substituted.

Crystal Fisher appeals the trial court's denial of her application for writ of *habeas corpus*. Following her arrest for misdemeanor driving while intoxicated at 1:49 a.m. on December 22, 2001, pursuant to a plea agreement, appellant pleaded guilty to the charged offense on April 30, 2002. Accepting her plea of guilty, the court assessed punishment at three days in jail and a fine. Appellant did not appeal from this conviction. On September 20, 2004, appellant filed the application challenging her misdemeanor conviction pursuant to article 11.09 of the Texas Code of Criminal Procedure, and claiming that she had received ineffective assistance of counsel. *See* Tex.

Code Crim. Proc. Ann. art. 11.09 (West 2005).  Without a hearing, the trial court denied relief and from that order appellant brings this appeal.  For the reasons that follow, we affirm the trial court's order.

## FACTS

According to a police report in the record, following a stop of appellant's vehicle because her vehicle was traveling "all the way from the right hand shoulder of the road to the left-hand shoulder and back to the right . . . [and] from the right hand shoulder all the way across the left-hand lane and over the curb with the right side tires," she exhibited symptoms of intoxication and failed field sobriety tests.  The arresting officer recovered from her vehicle several bottles of prescription medication used for depression.  At the police station, appellant was videotaped and provided breath samples with 0.039 and 0.037 blood alcohol content.  She acknowledged drinking "four, maybe five beers" at a local beer joint and that she was under a doctor's care for depression and had taken some of her prescription medication, but "did not know which ones she had taken."

## ANALYSIS

The parties agree that this Court has jurisdiction to decide this case because it is clear from the trial court's order denying approval of appellant's application for a writ of *habeas corpus* that the court ruled on the merits of appellant's claim.  *See Ex parte Hargett*, 819 S.W.2d 866 (Tex. Crim. App. 1991).  We generally review a trial court's decision to grant or deny relief on a writ of *habeas corpus* under an abuse of discretion standard.  *E.g.*, *Ex parte Mann*, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).  Under this standard, we accord great deference to the trial

2

court's findings and conclusions and view the evidence in a light most favorable to the ruling. *E.g.*, *Ex parte Pipkin*, 935 S.W.2d 213, 215 (Tex. App.—Amarillo 1996, pet. ref'd). In the context of application of law to facts, however, when the decision does not turn on the credibility or demeanor of witnesses, we conduct a *de novo* review if "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Ex parte Martin*, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999) (applying *de novo* review after finding no testimony on merits was given at *habeas* hearing and that judge who heard petition did not preside over appellant's trial); *see also Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997); *Ex parte Peralta*, 87 S.W.3d 642, 645 (Tex. App.—San Antonio 2002, no pet.). Because no testimony was taken, we apply a *de novo* standard of review. *Ex parte Martin*, 6 S.W.3d at 526.

In contending that she received ineffective assistance of counsel in the context of a guilty plea, appellant cites three acts of deficient conduct: that defense counsel failed to file a motion to quash or to advise appellant of its availability, thereby relieving the State from specifically alleging and proving the nature of the intoxicant she ingested; that defense counsel failed to acquaint himself with facts or confer with his client concerning the possible side effects of appellant's medication and, therefore, failed to discharge his duty to conduct an independent investigation of the facts to meet the State's case; and that he failed to investigate the scene of the offense to challenge the officer's lack of reasonable suspicion to stop appellant's vehicle. Appellant contends that these acts of deficient conduct were not the result of reasonable professional judgment and that, but for counsel's deficient conduct, she would not have pleaded guilty. As a consequence, she contends her guilty plea was entered involuntarily.

3

We apply the well-recognized standard for determining claims of ineffective assistance under the Sixth Amendment. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court adopted a two-pronged analysis requiring the defendant to show (1) counsel's performance was deficient and fell below an objective standard of reasonableness, and (2) counsel's deficient performance resulted in prejudice to the defense. *Id.* at 688, 691. To establish prejudice, an appellant must prove that, but for counsel's deficient performance, the result of the proceeding would have been different. *Id.* at 694; *Ex parte Lemke*, 13 S.W.3d 791, 796 (Tex. Crim. App. 2000). In this case, that means appellant must prove that, but for counsel's errors, she would not have pleaded guilty. *See Ex parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997); *Tabora v. State*, 14 S.W.3d 332, 336 (Tex. App.—Houston [14th Dist.] 2000, no pet.). In reviewing a claim of ineffective assistance, we indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). The defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound strategy. *Id.*

A counsel's ineffectiveness may render a plea of guilty involuntary. *Haynes v. State*, 790 S.W.2d 824, 828 (Tex. App.—Austin 1983, no pet.). No plea of guilty or no contest may be accepted by a trial court unless it is freely and voluntarily given. Tex. Code Crim. Proc. Ann. art. 26.13(b) (West 1989). An accused is entitled to effective assistance of counsel during the plea bargaining process. *Ex parte Battle*, 817 S.W.2d 81, 83 (Tex. Crim. App. 1991). A defendant's plea of guilty is not voluntary or knowing when it is based upon the erroneous advice of counsel. *Id.* As a general rule, we determine the voluntariness of an appellant's plea based upon the "totality of

4

circumstances" surrounding the plea. *Griffin v. State*, 703 S.W.2d 193, 196 (Tex. Crim. App. 1986). Whether the *Strickland* standard has been met is judged by the totality of the representation rather than by isolated acts or omissions of trial counsel. *Bridge v. State*, 726 S.W.2d 558, 571 (Tex. Crim. App. 1986).

To prevail on an ineffective assistance claim in a guilty plea case, an appellant must demonstrate that counsel's advice was not within the range of competence demanded of attorneys in criminal cases and, but for counsel's errors, the appellant would not have pleaded guilty and would have insisted on going to trial. *Ex parte Moody,* 991 S.W.2d 856, 857-8 (Tex. Crim. App. 1999); *Ex parte Morrow*, 952 S.W.2d at 536. Our scrutiny of counsel's performance must be highly deferential. *Id*. We seek to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. Any allegation of ineffectiveness must be "firmly founded" in the record. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

As an initial matter, a trial court is not required to conduct a hearing on an application for writ of *habeas corpus* filed pursuant to article 11.09 before rendering its decision on the relief sought. *See* Tex. Code Crim. Proc. Ann. art. 11.09. Article 11.072, which specifies the procedure for an application for a writ in a felony or misdemeanor case in which the applicant seeks relief from a judgment ordering community supervision, provides only that in making its determination the trial court may order affidavits, depositions, interrogatories, or a hearing. It does not require the trial court to do so. *See id.* art. 11.072, § 6(b). And section 7(a) allows the court to determine from the face of the application and from "documents" attached that the applicant is entitled to no relief. *Id.*

§ 7(a). We think article 11.09, applying to applicants charged with misdemeanors, does not require more. Thus, the court was entitled to determine from its face whether the application could be resolved without a hearing. After considering the application and documents submitted, the court declined to hold a hearing. Because appellant failed to carry her initial burden of proof to show she was entitled to relief, we cannot say that the trial court abused its discretion in denying appellant relief.

Appellant's sworn application contains the only facts challenging the conviction. The crux of her first contention is that

> counsel never informed applicant of her right to require the State to plead its theory of the intoxicant she allegedly ingested. If counsel had told applicant of this right, she would have insisted on requiring the State to provide the notice to which she was entitled. Such notice was critical to provide the notice to which she was entitled. Such notice was critical to a proper understanding of the case in view of the alcohol ingested, prescription medication ingested, and results of the breath test. It appears counsel chose to simply rely on the facts contained within the offense report to acquaint himself with the case.

If counsel had filed a timely motion to quash, the State would have been required to plead disjunctively its theory of intoxication if it relied on the combination of substances. *See Garcia v. State*, 747 S.W.2d 379, 381 (Tex. Crim. App. 1988) (holding DWI information subject to motion to quash for failing to specify statutory intoxicant State intended to prove).[1] Although appellant

---

[1] Intoxicated" is defined as, among other things, "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body . . . ." Tex. Pen. Code Ann. § 49.01(2)(A) (West 2003).

6

argues that her trial counsel's failure to require the State to plead its theory of the intoxicant rendered her plea involuntary, she cites no authority for this proposition. This allegation alone, if true, does not satisfy appellant's burden to show counsel's conduct was deficient.

Likewise, in her second claim, she urges that

> counsel failed to acquaint himself with the facts concerning applicant's medication and manner in which the side effects of that medication could have been used at trial to meet the State's evidence of the field sobriety test. Counsel should have explained such matters to applicant. Rather than doing so, he simply advised her to plead guilty after he watched a portion of the video tape depicting the field sobriety test.

Appellant admitted to ingesting both alcohol and prescription medication. In her application, she asserts that her "counsel had access to the arresting officer's offense report," that he failed to "acquaint himself with the facts concerning applicant's medication," and that he "should have explained such matters" to appellant. She does not aver that she did not have access to the report or to other discovery nor does she aver that she failed to understand the effect of medication on the charges. Appellant has failed to satisfy her initial burden.

Nothing in the record beyond her mere assertions shows appellant would have changed her plea or insisted on proceeding to trial. Without such an initial showing, we cannot conclude appellant received ineffective assistance of counsel. *See Tabora*, 14 S.W.3d at 335. While appellant makes numerous assertions in the application and appellate brief that her counsel's performance was deficient, such unsupported assertions alone are insufficient to sustain her claim. *See Thompson*, 9 S.W.3d at 813-14 (holding that when record provides no explanation as to

motivations behind trial counsel's actions, appellate court should be hesitant to find counsel ineffective).

When a defendant challenges the voluntariness of a plea as a result of ineffective assistance, our analysis depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and, if not, whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted upon a trial on the merits. *Ex parte Moody*, 991 S.W.2d 856, 857-58 (Tex. Crim. App. 1999). Like other types of ineffective assistance claims, appellant has the burden to demonstrate that counsel's performance fell below a reasonable standard of competence and that, had appellant been properly advised, she would have, with reasonable probability, pleaded not guilty and insisted on a trial. *See id*.

When the record reveals that the trial court properly admonished the defendant regarding the consequences of his plea, the record presents a *prima facie* showing the defendant entered a knowing and voluntary plea. *Ybarra v. State*, 960 S.W.2d 742, 745 (Tex. App.—Dallas 1997, no pet.). But there is no requirement in Texas law for a trial court to admonish in a case involving only a misdemeanor. *Johnson v. State*, 614 S.W.2d 116, 120 (Tex. Crim. App. 1981) (op. on reh'g). In cases that have held a guilty plea was involuntary, the record contains confirmation of the misinformation by counsel, or documents that reveal the misinformation and show its conveyance to the defendant. *See, e.g.*, *Ex parte Battle*, 817 S.W.2d 81; *Ex parte Griffin*, 679 S.W.2d 15 (Tex. Crim. App. 1984); *Ex parte Burns*, 601 S.W.2d 370 (Tex. Crim. App. 1980).

The record does not support appellant's contention that her plea was involuntary. The only evidence in the record reflects that appellant received written admonishments from the trial

court prior to pleading guilty.[2] Appellant does not claim that the admonishments were erroneous. Nor does she claim the admonishments were inadequate. The record supports the trial court's finding that appellant's showing was insufficient to satisfy her initial burden. There is no evidence in the record to rebut the presumption that her attorney provided reasonable professional assistance, or that his strategy was not sound. The trial court did not err in concluding that the allegations, if true, were insufficient to raise the issue of ineffectiveness of counsel. We overrule appellant's first and second issues.

In her third issue, she claims that her trial counsel failed to adequately investigate the facts of the case because he did not investigate the scene of the offense and did not file a motion to suppress based on the arresting officer's lack of reasonable suspicion or probable cause to stop appellant's vehicle. Attaching photographs of the scene to her application, she contends that the offense report states that she made three lane changes from shoulder to shoulder in the span of two blocks. She claims that the photographs belie the offense report because the "photographs reveal that by the time the arresting officer began to follow applicant, the road had narrowed to a single lane and there were no shoulders. Both sides of the road have curbs." Although the trial court found in its order that the first two grounds were insufficient to raise the issue of ineffectiveness of counsel, he found that the allegations in the third issue "are refuted by the photographs." Based on the face of the application and documents attached to the application, the trial court determined that she was entitled to no relief. We overrule appellant's third issue.

---

[2] In addition to waiving the right to trial by jury, appellant entered into a plea agreement specifically agreeing to waive written motions on file and her right to appeal. The admonishments were in writing and signed by the defendant and defense counsel.

**CONCLUSION**

The trial court did not abuse its discretion in denying appellant's writ of *habeas corpus* based on the face of the application. We overrule appellant's points of error and affirm the trial court's denial of the writ of *habeas corpus*.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   November 17, 2005

Do Not Publish