Opinion issued July 9, 2009









Opinion issued
July 9, 2009

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



NO. 01-08-00788-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



SANDRA BALLESTEROS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 400th District Court

Fort Bend County, Texas

Trial Court Cause No. 47870




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



MEMORANDUM
OPINION

Sandra
Ballesteros pleaded guilty to the state jail felony of evading arrest with a
motor vehicle.  Tex. Penal Code Ann.
§ 38.04(a)–(b)(1) (Vernon 2003).  After a pre-sentence investigation
report, the trial court held a sentencing hearing.  At the hearing, the trial
court heard testimony and saw a video of the police chase that led to
Ballesteros’s arrest.  The trial court found Ballesteros guilty of evading
arrest with a motor vehicle and assessed punishment at five years’ deferred
adjudication probation, 120 days of which must be served in the Fort Bend
County Jail.  Ballesteros appeals, contending that the evidence is legally and
factually insufficient to support her guilty plea and conviction.  We affirm
the trial court’s decision.

Background

In October 2007,
Ballesteros, who was then on probation for driving while intoxicated, consumed
five shots of tequila and then drove to a friend’s house, where she consumed an
entire bottle of tequila.  Deputy C. Matthews of the Houston Police Department
was on patrol when he noticed that Ballesteros’s vehicle was not staying
centered in the lane and that parts of the vehicle were dragging on the ground.
 He activated his overhead emergency lights and attempted to pull her over, but
she failed to stop.  She slowed down when he activated his siren, but she then fled,
driving off when Matthews emerged from his car and approached her car on foot. 
Police arrested Ballesteros after her vehicle came to a stop when she crashed
it into a curb. 

Ballesteros pleaded
guilty to evading arrest, and she executed a sworn “Written Stipulations and
Judicial Confessions.”  In her judicial confession, Ballesteros admitted that
she “committed the acts alleged in the indictment in this cause, and that the
evidence and testimony would prove beyond a reasonable doubt that acts and
allegations in the indictment in this cause are true and correct.”  As the
indictment listed out all of the elements of the offense, Ballesteros was admitting
that the evidence and testimony would prove beyond a reasonable doubt that she:

intentionally fle[d] from Deputy C. Matthews, a peace
officer employed by the Fort Bend  County Sheriff's Office, who was lawfully
attempting to arrest or detain the Defendant, and the Defendant knew
that Deputy C. Matthews was a peace officer attempting to arrest or detain the
Defendant and the Defendant used a vehicle while in flight.

 

Following the completion of a
pre-sentence investigation, the trial court held a punishment hearing.  At her
punishment hearing, Ballesteros testified that she has since obtained help with
a severe drinking problem, which made her unable to remember the events of that
evening after the time she departed her friend’s house.  The trial court viewed
a videotape of the police chase.  The trial court then ordered that Ballesteros
be placed on deferred adjudication probation for a period of five years, 120
days of which she must serve in the Fort Bend County Jail.

 

Discussion

On appeal, Ballesteros contends
that her judicial confession is insufficient evidence to support the judgment
of guilt because she testified at the punishment hearing that she does not
remember all of the events leading to her arrest.  She argues that a reasonable
doubt remains as to whether: (1) she intentionally fled from Deputy Matthews;
(2) he was lawfully attempting to arrest or detain her; (3) she knew he was a
peace officer attempting to arrest or detain her; and (4) she used a vehicle
while in flight.  She urges the court to abandon the Court of Criminal
Appeals’s standard of review for determining the sufficiency of the evidence in
cases where the defendant has pleaded guilty and executed a judicial confession
in favor of using the Jackson standard for legal sufficiency review.  See
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979)
(holding that the standard of review for legal sufficiency is whether any
rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt).  

We reject Ballesteros’s
invitation.  When the defendant “knowingly, intelligently[,] and voluntarily
enters a plea of guilty or nolo contendere,” the Jackson standard does
not apply.  Ex parte Williams, 703 S.W.2d 674, 682 (Tex. Crim. App.
1986); Keller v. State, 125 S.W.3d 600, 605 (Tex. App.—Houston [1st
Dist.] 2003, pet. dism’d).  Under the Texas Code of Criminal Procedure, the
State must only offer sufficient proof to support any judgment based on a
guilty plea.  Williams, 703 S.W.2d at 678; Keller, 125 S.W.3d at
604.  The Texas Code of Criminal Procedure requires that

no person can be convicted of a felony except upon the
verdict of a jury duly rendered and recorded, unless the defendant, upon
entering a plea, has in open court in person waived his right of trial by jury
in writing . . .; provided, however, that it shall be necessary for the state
to introduce evidence into the record showing the guilt of the defendant and
said evidence shall be accepted by the court as the basis for its judgment and
in no event shall a person charged be convicted upon his plea without
sufficient evidence to support the same.

 

Tex. Code
Crim. Proc. Ann. art.
1.15 (Vernon 2005).  A judicial confession alone is sufficient evidence to meet
the requirements of article 1.15.  Stewart v. State, 12 S.W.3d 146, 148
(Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Dinnery v.
State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979)).  By signing a judicial confession,
Ballesteros waived any challenge to the factual sufficiency of the evidence.  See
Keller, 125 S.W.2d at 605 (citing Ybarra v. State, 960 S.W.2d 742,
745 (Tex. App.—Dallas 1997, no pet.)).  

Here, Ballesteros does
not contest the validity of her judicial confession.  She does not contend that
she was improperly or insufficiently admonished; nor does she argue that she
pleaded guilty as a consequence of ineffective assistance of counsel.  She
initialed all of the State’s written admonishments.  If a defendant is properly
admonished, it supports “a prima facie showing that a guilty plea was entered
knowingly and voluntarily.”  Martinez v. State, 981 S.W.2d 195, 197
(Tex. Crim. App. 1998) (citing Ex parte Gibauitch, 688 S.W.2d 868, 871
(Tex. Crim. App. 1985)).  Once this prima facie showing has been made, “the
burden shifts to the defendant to demonstrate that he did not fully understand
the consequences of his plea such that he suffered harm.”  Id. 
Ballesteros has not put forth any evidence tending to show that she did not
understand the consequences of the plea.  Ballesteros’s confession that the
allegations in the indictment were “true and correct” is sufficient evidence to
satisfy the requirements of article 1.15.  See Keller, 125 S.W.3d at 605
(holding that a judicial confession containing the statement, “I understand the
above allegations and I confess that they are true . . .” was
sufficient evidence to satisfy the requirements of article 1.15).

Conclusion

We hold that the judicial
confession in this case is sufficient to support the guilty plea.  We therefore
affirm the judgment of the trial court.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Keyes,
Hanks, and Bland.

Do not publish.  Tex. R. App. P. 47.4.